1 | EDMUND G. BROWN JR.
Attorney General of the State of California
2 | DAVID S. CHANEY
Chief Assistant Attorney General
3 | FRANCES T. GRUNDER
Senior Assistant Attorney General
4 | JONATHAN L. WOLFF
Supervising Deputy Attorney General
5 | JOSE A. ZELIDON-ZEPEDA, State Bar No. 227108
Deputy Attorney General
6 |  455 Golden Gate Avenue, Suite 11000
 San Francisco, CA 94102-7004
7 |  Telephone: (415) 703-5781
 Fax: (415) 703-5843
8 |  Email: Jose.ZelidonZepeda@doj.ca.gov

9 | Attorneys for Defendants P. Sullivan, J. Soto and D.
Morales

10

11

12 | IN THE UNITED STATES DISTRICT COURT

13 | FOR THE NORTHERN DISTRICT OF CALIFORNIA

14 | SAN FRANCISCO DIVISION

15

16 | **EDWARD TERRAN FURNACE,**                    C 07-4441 MMC

                                        Plaintiff,
17

18 |                         v.

   | **PAUL SULLIVAN, Correctional Officer, et al.,**
19

                                        Defendants.
20

21 | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS**

22 | **PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL**

23 | **PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

24

25

26

27

28

# TABLE OF CONTENTS

Page

MEMORANDUM OF POINTS AND AUTHORITIES                                     2

INTRODUCTION                                                             2

FACTUAL ALLEGATIONS                                                      2

LEGAL STANDARD                                                           4

ARGUMENT                                                                 4

    I.   Plaintiff's First Amendment Claim Should be Dismissed Because He Has at Best Stated a Claim for a *De Minimis* Injury that Does Not Violate the Constitution.                                                            4

    II.  Plaintiff's RLUIPA Claim Should be Dismissed Because Plaintiff Does not Allege a Substantial Burden as Required by Statute and the Caselaw.                                                            5

    III. Plaintiff's State Law Claims Should be Dismissed Because Plaintiff Does Not Allege that He Complied with the California Tort Claims Act Before Filing Suit.                                                                  7

    IV. Plaintiff's Claims for Monetary Damages Under Article 1, §§ 4 and 7 of the California Constitution Should be Dismissed Because California Law Does Not Provide a Damages Action for Violation of these Provisions.                                                           8

    V.   Plaintiff Fails to State a Claim Under the Eighth Amendment Because He Does Not Allege that the Actions by Defendants Were Motivated by an Improper Motive or that He Suffered Serious Injury as a Result of These Actions.                                                                10

    VI. Plaintiff's Equal Protection Claim Should Be Dismissed Because Plaintiff Makes No Allegation that He Was Treated Differently from Other Individuals Who Were Similarly Situated.                                     12

CONCLUSION                                                              13

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.        E. Furnace v. P. Sullivan, et al.
C 07-4441 MMC

i

1

## TABLE OF AUTHORITIES

2                                                                                   **Page**

3    **Cases**

4

5    *Alvarez v. Hill*
     No. 06-35068, 2008 WL 659570 (9th Cir. Mar. 13, 2008)                            6

6    *Bell Atlantic Corp. v. Twombly*
     127 S. Ct. 1955 (2007)                                                           4
7

8    *Briggs v. Lawrence*
     230 Cal.App.3d 605 (Cal. Ct. App. 1991.)                                         7

9    *Castro v. City of Hanford*
     No. CV-F-05-1405, 2008 WL 203344 (E.D. Cal. Jan. 22, 2008)                       8
10

11   *Clausing v. San Francisco Unified Sch. Dist.*
     221 Cal.App.3d 1224 (Cal. Ct. App. 1990)                                         8

12   *Coakley v. Murphy*
     884 F.2d 1218 (9th Cir. 1989)                                                    4
13

14   *Coronel v. Paul*
     316 F. Supp. 2d 868 (D. Ariz. 2004)                                              6

15   *Davis v. Peterson*
     No. 05-CV-01370, 2006 WL 1376872 (E.D. Cal. May 17, 2006.)                       8
16

17   *Dung v. Alameda County Sheriff Dep't*
     No. C 03-2911, 2003 WL 21982659 (N.D. Cal. Aug. 5, 2003)                         5

18   *Fraley v. United States Bureau of Prisons*
     1 F.3d 924 (9th Cir. 1993)                                                      12
19

20   *Greene v. Solano County Jail*
     513 F.3d 982 (9th Cir. 2008)                                                     6

21   *Harvey v. City of Oakland*
     No. C07-01681, 2007 WL 3035529 (N.D. Cal. Oct. 16, 2007)                         9
22

23   *Hendon v. Baroya*
     No. 05-CV-00838, 2006 WL 1791349 (E.D. Cal. June 27, 2006)                       7

24   *Hudson v. McMillian*
     503 U.S. 1 (1992)                                                               11
25

26   *Javor v. Taggart*
     98 Cal.App.4th 795 (Cal. Ct. App. 2002)                                          8

27   *Karim-Panahi v. Los Angeles Police Dep't*
     839 F.2d 621 (9th Cir. 1988)                                                     7
28

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    E. Furnace v. P. Sullivan, et al.
                                                                           C 07-4441 MMC

ii

## TABLE OF AUTHORITIES  (continued)

|  | Page |
|---|---|
| *Katzberg v. Regents of the Univ. of Cal.*<br>29 Cal.4th 300 (Cal. 2002) | 8, 10 |
| *Martinez v. Stanford*<br>323 F.3d 1178 (9th Cir. 2003) | 11 |
| *Mayweathers v. Newland*<br>314 F.3d 1062 (9th Cir. 2002) | 5 |
| *San Jose Christian Coll. v. City of Morgan Hill*<br>360 F.3d 1024 (9th Cir. 2004) | 5 |
| *Shakur v. Schriro*<br>514 F.3d 878 (9th Cir. 2008) | 12 |
| *Sizemore v. Williford*<br>829 F.2d 608 (7th Cir. 1987) | 5 |
| *Speech v. Ward*<br>CIV S-05-1403, 2006 WL 2849822 (E.D. Cal. Oct. 4, 2006) | 4 |
| *State of Calif. v. Superior Court (Bodde)*<br>32 Cal.4th 1234 (Cal. 2004) | 7 |
| *Thornton v. City of St. Helens*<br>425 F.3d 1158 (9th Cir. 2005) | 12 |
| *Turner v. Safley*<br>482 U.S. 78 (1987) | 12 |
| *Warsoldier v. Woodford*<br>418 F.3d 994 (9th Cir. 2005) | 5, 6 |
| *Whitley v. Albers*<br>475 U.S. 312 (1986) | 4 |
| *Wigfall v. City and County of San Francisco*<br>No. C 06-4968, 2007 WL 174434 (N.D. Cal. Jan. 22, 2007) | 10 |
| *Williams v. Horvath (1976)*<br>16 Cal.3d 834 (Cal. 1976.) | 7 |

**Constitutional Provisions**

| | |
|---|---|
| California Constitution,<br>Article I | |
| § 4 | 2, 3, 7, 10 |
| § 7 | 2, 3, 7, 9 |

# TABLE OF AUTHORITIES  (continued)

**Page**

Federal Constitution
        Eighth Amendment ........................................ 2-4, 10, 11
        First Amendment .......................................... 2-5
        Fourteenth Amendment ................................... 2, 3

**Statutes**

Religious Land Use and Institutionalized Persons Act (RLUIPA),
        United States Code, Title 42
            § 2000cc-1 ........................................... 3
            § 2000cc-1(a) ....................................... 5
            § 2000cc-2(b) ....................................... 5

California Code of Regulations, Title 15
        § 3050 ................................................... 13
        § 3054.3 ................................................ 13

California Tort Claims Act,
        California Government Code
            § 950.2 ............................................... 7
            § 950.6 ............................................... 7

United States Code, Title 42
        § 1983 .................................................. 2

**Court Rules**

Federal Rule of Civil Procedure
        Rule12(b)(6) ............................................ 1, 4

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.          E. Furnace v. P. Sullivan, et al.
                                                  C 07-4441 MMC

iv

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DAVID S. CHANEY
   Chief Assistant Attorney General
3  FRANCES T. GRUNDER
   Senior Assistant Attorney General
4  JONATHAN L. WOLFF
   Supervising Deputy Attorney General
5  JOSE A. ZELIDON-ZEPEDA, State Bar No. 227108
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7  Telephone:  (415) 703-5781
   Fax:  (415) 703-5843
8  Email:  Jose.ZelidonZepeda@doj.ca.gov

9  Attorneys for Defendants P. Sullivan, J. Soto and D.
   R. Morales

10

11

12              IN THE UNITED STATES DISTRICT COURT

13           FOR THE NORTHERN DISTRICT OF CALIFORNIA

14                  SAN FRANCISCO DIVISION

15

| | |
|---|---|
| **EDWARD TERRAN FURNACE,** | C 07-4441 MMC |
| Plaintiff, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES** |
| v. | |
| **PAUL SULLIVAN, Correctional Officer, et al.,** | |
| Defendants. | |
| | Judge:    The Honorable<br>Maxine M. Chesney |

23      TO PLAINTIFF EDWARD TERRAN FURNACE:

24          PLEASE TAKE NOTICE that Defendants J. Soto, P. Sullivan, and D. R. Morales move the

25  Court to dismiss Plaintiff's Complaint for failure to state a claim upon which relief can be

26  granted.  Fed. R. Civ. P. 12(b)(6).  This motion is based on the attached memorandum of points

27  and authorities, the Court file, and any argument that the Court may entertain.  If the Court denies

28  this motion, in whole or in part, Defendants request an extension of time to file a summary

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    E. Furnace v. P. Sullivan, et al.
                                                                 C 07-4441 MMC

1 | judgment motion.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Plaintiff is an inmate in the custody of the California prison system. He brings this action under 42 U.S.C. § 1983. Plaintiff alleges that Defendants violated his rights under the Religious Land Use and Institutionalized Persons Act (RLUIPA), the First Amendment, the Eighth Amendment, and the Fourteenth Amendment to the U.S. Constitution. In addition, Plaintiff brings state law claims for alleged violations of his rights under Article I, §§ 4 and 7 of the California Constitution. Because Plaintiff fails to state a claim upon which relief can be granted, Defendants move to dismiss the complaint. Additionally, Plaintiff's state law claims should be dismissed for failure to allege exhaustion.

### FACTUAL ALLEGATIONS

The following facts are derived from Plaintiff's complaint and are set out for purposes of this motion only. Defendants do not concede the accuracy or correctness of these factual allegations.

Plaintiff Edward T. Furnace is an inmate in the California prison system, and he was housed at Salinas Valley State Prison when the events alleged in his complaint took place. (Compl. 2.) On August 28, 2007, Plaintiff filed a complaint under 42 U.S.C. § 1983. Plaintiff alleges that he is a practitioner of the Shetaut Neter religion, which requires a vegetarian diet for its adherents. (*Id.* ¶ 12.) The incident at issue in this action occurred during the morning meal on May 22, 2005. (*Id.* ¶ 13.) Plaintiff contends that on that date he was waiting for Defendant Morales to deliver his breakfast tray. (*Id.* ¶ 24.) Defendant Morales informed Plaintiff that Defendant Soto reported that Plaintiff was not a vegetarian or otherwise designated to receive a special religious dietary breakfast tray. (*Id.* ¶¶ 25, 37.) Speaking through the food cuff port, Plaintiff asked Defendant Morales to call Defendant Soto down to his cell. (*Id.* ¶ 26.) At this point, Defendant Morales allegedly stated "Either you take these trays or I'll mark both of you [Plaintiff and his cellmate] down as refusing." (*Id.* ¶ 26.) Plaintiff then attempted to call Defendant Soto himself, and placed his hand on the food cuff port "to support his balance." (*Id.* ¶ 27.)

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    E. Furnace v. P. Sullivan, et al.
C 07-4441 MMC

2

1    Defendant Morales then began to pepper spray Plaintiff on the lower part of Plaintiff's face,

2    neck, chest, stomach, and groin area with a chemical agent. (*Id.* ¶ 27.) At some point thereafter,

3    Defendant Sullivan also pepper sprayed Plaintiff in his face, neck, chest, stomach, and groin area.

4    (*Id.* ¶ 32.) Plaintiff contends that Defendants' actions caused him to "suffer for several days or

5    more thereafter," and to "remain in a constant state of fear of being further assaulted by other

6    correctional staff if he complains about his religious meals." (*Id.* ¶¶ 33, 35-36.)

7    Plaintiff states that he is unaware of any other prisoners who were "similarly situated" and

8    to whom Defendants Soto and Morales denied a special religious meal. (*Id.* ¶ 17, 22.) Plaintiff

9    also contends that Defendants "planned to assault him on the morning of May 22, 2005, as no

10    defendant ever requested to see Plaintiff [*sic*] special religious diet chrono." (*Id.* ¶ 39.) Plaintiff

11    also alleges that Defendants acted "maliciously and sadistically" in spraying him with pepper

12    spray. (*Id.* ¶¶ 29, 35, 36.) Furthermore, Plaintiff states that Defendants' failure to provide him

13    with a religious dietary meal "put a significant and substantial burden on him because he is

14    unable to freely attend to his religious dietary needs and is therefore dependent on the institutions

15    [*sic*] permission and accommodation for his dietary needs." (*Id.* ¶ 41.) Notably, Plaintiff does

16    not allege that he ever offered to show any of the Defendants his special religious diet chrono.

17    (*See generally* Compl.) Further, Plaintiff does not allege that he submitted a claim to the

18    California Victim Compensation and Government Claims Board regarding his state law claims.

19    (*See generally* Compl.)

20    On January 9, 2008, the Court issued its order of service, ruling that Plaintiff stated the

21    following cognizable claims: 1) violation to right of free exercise of religion under the First

22    Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. §

23    2000cc-1, and Article I, § 4 of the California Constitution; 2) violation of his Eighth Amendment

24    right to be free from use of excessive force; and 3) violation of his Fourteenth Amendment right

25    to equal protection, and Article I, § 7 of the California Constitution. (Order of Service 2.) The

26    Court dismissed Plaintiff's claim for negligence. *Id.*

27    / / /

28    / / /

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.    E. Furnace v. P. Sullivan, et al.
C 07-4441 MMC

1       **LEGAL STANDARD**

2       A case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it fails to state

3   a claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955,

4   1969 (2007).  Where a complaint's defects are not curable, the court should dismiss without

5   leave to amend. *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989) (affirming

6   dismissal without leave to amend where complaint's defects were not curable).

7       **ARGUMENT**

8   I.   Plaintiff's First Amendment Claim Should be Dismissed Because He Has at Best Stated a

9        Claim for a *De Minimis* Injury that Does Not Violate the Constitution.

10      Plaintiff alleges that Defendants violated his right to free exercise of religion under the First

11  Amendment when they denied him a religious dietary meal on a single instance.  Plaintiff fails to

12  state a claim under the First Amendment against Defendants Morales and Sullivan because his

13  own factual allegations demonstrate that these individuals did not know that Plaintiff was

14  authorized to receive a special meal. (Compl. ¶¶ 25, 37.)  In fact, Plaintiff himself notes that

15  Defendant Morales was informed that Plaintiff was not authorized to receive a special religious

16  diet. (*Id.* ¶ 37.)  Nor does Plaintiff allege that Defendants Sullivan or Soto knew that Plaintiff

17  was authorized to have a special religious diet. (*See generally* Compl.)  Notably, although

18  Plaintiff alleges that he had a special religious diet chrono, he apparently never informed

19  Defendants of this fact or otherwise offer to show the chrono to them. (*Id.* ¶ 39.)  In the Eighth

20  Amendment context, courts have rejected attempts to impose liability on prison officials for

21  "inadvertence or error in good faith" absent evidence of "obduracy and wantonness." *Whitley v.*

22  *Albers*, 475 U.S. 312, 319 (1986).

23      Moreover, even if the Court were to assume that Defendants knew that Plaintiff had a

24  religious meal designation yet denied him a vegetarian meal on May 22, 2005, this single denial

25  does not amount to a constitutional violation because it is at most a *de minimis* injury.  In

26  analogous contexts, courts have held that isolated instances of problems with service of meals do

27  not amount to a constitutional violation.  For example, in *Speech v. Ward*, an Eighth Amendment

28  case, Magistrate Judge Drozd recommended dismissing a civil rights complaint where plaintiff

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    E. Furnace v. P. Sullivan, et al.
                                                                 C 07-4441 MMC

1   alleged a single incident of being served a meal contaminated with maggots. No. CIV S-05-

2   1403, 2006 WL 2849822, at *3 (E.D. Cal. Oct. 4, 2006) (slip copy). The Seventh Circuit noted

3   the applicability of this principle in the context of a First Amendment free speech claim in

4   *Sizemore v. Williford*: "[M]erely alleging an isolated delay or some other relatively short-term,

5   non content-based disruption in the delivery of inmate reading materials will not support . . . a

6   cause of action grounded upon the First Amendment." 829 F.2d 608, 610 (7th Cir. 1987); *see*

7   *also Dung v. Alameda County Sheriff Dep't*, No. C 03-2911, 2003 WL 21982659, at *1 n.1 (N.D.

8   Cal. Aug. 5, 2003) (isolated instances of mishandling mail do not violate the Constitution).

9       Accordingly, this claim should be dismissed, without leave to amend.

10  II.   Plaintiff's RLUIPA Claim Should be Dismissed Because Plaintiff Does not Allege a

11         Substantial Burden as Required by Statute and the Caselaw.

12         The Court should dismiss Plaintiff's claim under RLUIPA because Plaintiff has not met his

13  burden of showing that the actions of Defendants placed a "substantial burden" on his religious

14  exercise.

15         "RLUIPA protects prisoners and other institutionalized people from government

16  infringement on their practice of religion." *Mayweathers v. Newland*, 314 F.3d 1062, 1065 (9th

17  Cir. 2002). It prevents government entities from imposing a "substantial burden on the religious

18  exercise of a person residing in or confined to an institution" unless the burden "furthers 'a

19  compelling governmental interest,' and does so by 'the least restrictive means.'" *Warsolder v.*

20  *Woodford*, 418 F.3d 994 (9th Cir. 2005) (quoting 42 U.S.C. § 2000cc-1(a)). The party raising a

21  RLUIPA claim bears the burden of persuasion on whether a government entity's actions impose

22  a "substantial burden" on that party's religious exercise. 42 U.S.C. § 2000cc-2(b); *San Jose*

23  *Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). In *San Jose*

24  *Christian College*, in the context of a land use suit brought under RLUIPA, the Ninth Circuit

25  stated that for a regulation to impose a "substantial burden," the regulation must be "'oppressive'

26  to a 'significantly great' extent. That is, a 'substantial burden' on 'religious exercise' must

27  impose a significantly great restriction or onus upon such exercise." *Id.*; *Warsolder*, 418 F.3d at

28  995 (applying same definition in the context of a prisoner civil rights action).

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    E. Furnace v. P. Sullivan, et al.
                                                                    C 07-4441 MMC

5

1      In this case, Plaintiff has not demonstrated that the actions of Defendants "impose[d] a

2   substantial burden" on his religious exercise.  Plaintiff complains of one incident involving one

3   instance when he was not provided with a religious dietary meal.  This *de minimis* injury does not

4   suffice to state a claim under RLUIPA because it does not constitute a "significantly great

5   restriction or onus" upon Plaintiff's exercise of his religious rights, as required by the caselaw.

6      By contrast, cases where courts have found that a prisoner stated a viable RLUIPA claim

7   involved systematic denial of that prisoner's ability to exercise his religion.  For example, in

8   *Greene v. Solano County Jail*, the Ninth Circuit concluded that a wholesale ban on group

9   worship constitutes a "substantial burden" on religious exercise.  513 F.3d 982, 988 (9th Cir.

10  2008).  Similarly, in *Warsoldier*, the Ninth Circuit determined that a prison grooming regulation

11  that required male inmates to maintain the length of their hair at a maximum of three inches

12  imposed a "substantial burden" on those individuals whose religious beliefs prevented them from

13  cutting their hair.  418 F.3d at 995.  Likewise, in *Alvarez v. Hill*, the court held that an inmate's

14  allegations that prison officials "substantially burdened" his religious exercise by denying him

15  the right to participate in and practice the Sweat Lodge Ceremony and Sacred Pipe Ceremony

16  established a "'plausible' entitlement to relief under RLUIPA."  No. 06-35068, 2008 WL

17  659570, at *3 (9th Cir. Mar. 13, 2008).  Here, Plaintiff fails to meet his burden of showing a

18  "substantial burden" on his religious exercise because he cannot allege such a systematic denial

19  of his rights.  Accordingly, the Court should dismiss Plaintiff's RLUIPA claim, without leave to

20  amend.[1]

21  / / /

22  / / /

23  _____

24      1.  Because Plaintiff fails to meet his burden on the first element of the RLUIPA claim,
    Defendants do not address the question of whether their actions have a compelling government
25  interest and are the least restrictive means of furthering that interest.  *See Warsoldier*, 418 F.3d at
    995.  If the Court disagrees and finds that Plaintiff has made out a claim under the "substantial
26  burden" prong, Defendants request an opportunity to brief these remaining issues in the context of
27  a summary judgment motion.  *See Coronel v. Paul*, 316 F. Supp. 2d 868, 882 (D. Ariz. 2004) (where
    district court found a triable issue on substantial burden prong, defendants allowed to brief the
28  remaining elements under RLUIPA).

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                    E. Furnace v. P. Sullivan, et al.
                                                                                                 C 07-4441 MMC

6

1  III.  <u>Plaintiff's State Law Claims Should be Dismissed Because Plaintiff Does Not Allege that</u>

2       <u>He Complied with the California Tort Claims Act Before Filing Suit.</u>

3            In addition to his claims under the First Amendment of the federal Constitution and

4  RLUIPA, Plaintiff also brings claims under Article 1, §§ 4 and 7 of the California Constitution.

5  Section 4, the free exercise clause, states in relevant part "Free exercise and enjoyment of

6  religion without discrimination or preference are guaranteed." Section 7, the equal protection

7  clause, states in relevant part "A person may not be deprived of life, liberty, or property without

8  due process of law or denied equal protection of the laws." These claims should be dismissed

9  because Plaintiff does not allege that he has complied with the California Tort Claims Act as to

10  these claims. (*See generally* Compl.)

11           When a plaintiff brings a state law tort claim in federal court against a public entity, he must

12  allege compliance with the California Tort Claims Act. *Karim-Panahi v. Los Angeles Police*

13  *Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). The purpose of the California Tort Claims Act is to

14  confine potential government liability to strictly delineated circumstances, and immunity is

15  waived only if the Act's requirements are met. *Williams v. Horvath* (1976) 16 Cal.3d 834, 838

16  (Cal. 1976.) The requirements under the Act apply with equal force when a plaintiff sues an

17  individual employee based on acts or omissions within the scope of his employment. Cal. Gov.

18  Code §§ 950.2; 950.6; *Briggs v. Lawrence*, 230 Cal.App.3d 605, 613 (Cal. Ct. App. 1991.)

19  Thus, a plaintiff must allege timely presentation of a written claim before bringing suit in court

20  against either a public entity or a public employee acting within the scope of his employment.

21  *State of Calif. v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243 (Cal. 2004) (holding that a

22  plaintiff must allege facts demonstrating or excusing compliance with the claim presentation

23  requirement in order to state a cause of action).

24           Here, before bringing his state law claims, Plaintiff is required by the California Tort Claims

25  Act to file a claim with the California Victim Compensation and Government Claims Board.

26  *Hendon v. Baroya*, No. 05-CV-00838, 2006 WL 1791349, at *1 (E.D. Cal. June 27, 2006). This

27  is because "Compliance with the Tort Claims Act is a *prerequisite* to filing suit and plaintiff *must*

28  allege compliance" in order to proceed with his state law claims. *Id.* (emphasis in original). In

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                                    E. Furnace v. P. Sullivan, et al.
                                                                                         C 07-4441 MMC

7

1  other words, "Presentation of a written claim, and action on or rejection of the claim are

2  conditions precedent to suit." *Davis v. Peterson*, No. 05-CV-01370, 2006 WL 1376872, at *1

3  (E.D. Cal. May 17, 2006.)  In this case, Plaintiff has not alleged anywhere in his complaint that

4  he complied with the statutory requirements of the California Tort Claims Act.  (*See generally*

5  Compl.)  Accordingly, the Court should dismiss Plaintiff's state law claims, with leave to amend,

6  if possible, to allege compliance with the Act.

7  IV.   Plaintiff's Claims for Monetary Damages Under Article 1, §§ 4 and 7 of the California

8      Constitution Should be Dismissed Because California Law Does Not Provide a Damages

9      Action for Violation of these Provisions.

10      Plaintiff's state law claims for damages under the California Constitution also fail to state a

11  claim because there is no cause of action for damages under state law for alleged violations of

12  these provisions.

13      Under state law, the existence of a constitutional provision does not by itself accord a right

14  to an individual damages claim for alleged violations of that provision.  *Katzberg v. Regents of*

15  *the Univ. of Cal.*, 29 Cal.4th 300, 307 (Cal. 2002).  In short, a constitutional provision that does

16  not provide the required support for a damages action is not self-executing, in the sense of

17  supplying a right to sue for damages.  *Id.*  In other words, a constitutional provision does not

18  allow for monetary damages when it merely indicates principles, without laying down rules by

19  which those principles may be given the force of the law.  *Clausing v. San Francisco Unified*

20  *Sch. Dist.*, 221 Cal.App.3d 1224, 1226 (Cal. Ct. App. 1990).

21      In *Katzberg*, the California Supreme Court held that there is no individual claim for

22  damages under Article 1, § 7 of the California Constitution.  *Katzberg*, 29 Cal.4th at 329.  The

23  *Katzberg* Court stated, "[W]e discern no evidence from which to infer within article 1, § 7(a), an

24  intent to afford a right to seek damages."  *Id.*  Thus, under California law, "It is beyond question

25  that a plaintiff is not entitled to damages for a violation of the due process clause or the equal

26  protection clause of the state Constitution."  *Javor v. Taggart*, 98 Cal.App.4th 795, 807 (Cal. Ct.

27  App. 2002).  This disposes of Plaintiff's claim under the equal protection clause of the California

28  Constitution.  *See also Castro v. City of Hanford*, No. CV-F-05-1405, 2008 WL 203344, at *11

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.      E. Furnace v. P. Sullivan, et al.
C 07-4441 MMC

8

1 | (E.D. Cal. Jan. 22, 2008) (slip copy) (dismissing damages claim under § 7 pursuant to *Katzberg*);

2 | *Harvey v. City of Oakland*, No. C07-01681, 2007 WL 3035529, at *6 (N.D. Cal. Oct. 16, 2007)

3 | (slip copy) (same).

4 |      Similarly, under the *Katzberg* analytical framework, the free exercise clause of the

5 | California Constitution does not provide a claim for damages. In *Katzberg*, the California

6 | Supreme Court confronted the issue whether an individual could bring an action for money

7 | damages on the basis of an alleged violation of a provision of the California Constitution, in the

8 | absence of a statutory provision or an established common law tort authorizing such a damage

9 | remedy for the constitutional violation. The *Katzberg* Court declined to recognize a

10 | constitutional tort to remedy the alleged violation of the due process clause of the California

11 | Constitution, article 1, section 7(a), because of the availability of meaningful alternative remedies

12 | and the lack of legislative intent to afford a right to seek monetary damages. *Katzberg*, 29

13 | Cal.4th at 329.

14 |      The decision whether to recognize a state constitutional tort is essentially one of policy and

15 | is dependent on two part test. The court must first determine whether the language of the

16 | provision itself or the enactor's actions evince an intent to permit monetary damages for a

17 | violation of the particular constitutional provision. *Id.* at 317. Absent an affirmative intent to

18 | withhold or allow monetary damages, courts should look at several factors to determine whether

19 | monetary damages for a constitutional violation are available. *Id.* These factors include: 1)

20 | whether there are adequate remedies available; 2) the extent to which the tort would change

21 | established law; and 3) the nature and significance of the constitutional provision. *Id.* If these

22 | factors favor recognizing a constitutional tort, the court then considers the existence of any other

23 | factors that would cause hesitation in creating a new cause of action for damages. *Id.*

24 |      Here, the language of the free exercise clause does not evince an intent to permit monetary

25 | damages. In fact, the provision says nothing about such monetary damages, but instead merely

26 |

27 |

28 |

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.            E. Furnace v. P. Sullivan, et al.
C 07-4441 MMC

9

1    contains general principles of law.[2]  Cal. Const. art. I, § 4; *see also Wigfall v. City and County of*

2    *San Francisco*, No. C 06-4968, 2007 WL 174434, at *5 (N.D. Cal. Jan. 22, 2007) (slip copy).

3    Therefore, this Court should look to the remaining *Katzberg* factors.  First, Plaintiff has adequate

4    alternative remedies available.  As demonstrated by this action, Plaintiff can bring a claim for

5    violation of his rights under the federal constitution or RLUIPA to vindicate his right to free

6    exercise of religion.  Second, recognizing a damages claim under the free exercise clause would

7    change existing tort law because no court has previously recognized such a constitutional tort.

8    *See Wigfall*, 2007 WL 174434, at *4 (noting that only two California decisions, filed two decades

9    ago, have recognized damages actions for violations of the California Constitution).  Lastly, the

10   relative importance of the free exercise clause does not militate in favor of recognizing a

11   damages claim under this provision in this case.  *Katzberg*, 29 Cal.4th at 328 ("[A]bsent the

12   applicability of the other relevant factors . . . the relative importance of the constitutional right is

13   of little help in determining the availability of a damages remedy for a violation of that right.")

14   (citation omitted).  In sum, application of the *Katzberg* analysis in this case indicates that

15   Plaintiff cannot bring a damages claim for violation of the free exercise clause.

16        As this discussion demonstrates, there is no authority under state law for an individual

17   damages claim under the equal protection and free exercise clauses of the California

18   Constitution.  For this reason, Plaintiff's damages claims under these provisions should be

19   dismissed, with prejudice.

20   V.   Plaintiff Fails to State a Claim Under the Eighth Amendment Because He Does Not Allege

21        that the Actions by Defendants Were Motivated by an Improper Motive or that He

22        Suffered Serious Injury as a Result of These Actions.

23        The Court should dismiss Plaintiff's Eighth Amendment excessive force claim because his

24   allegations fail to state a claim for a violation of this constitutional provision.

25        "[T]he unnecessary and wanton infliction of pain . . . constitutes cruel and unusual

26   _____

27        2.  By contrast, other California constitutional provisions explicitly show an intent to allow
     a claim for money damages, such as the just compensation clause, article I, section 19.  *See*
28   *Katzberg*, 29 Cal.4th at 311.

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                         E. Furnace v. P. Sullivan, et al.
                                                                     C 07-4441 MMC

1   punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992)

2   (citation omitted). In order to establish an excessive force claim, Plaintiff must establish three

3   elements: 1) Defendants used excessive and unnecessary force under all of the circumstances; 2)

4   Defendants acted maliciously and sadistically for the purpose of causing harm; and 3) the acts of

5   Defendants caused Plaintiff harm. Ninth Circuit Manual Model Jury Instructions 9.24 (2007). In

6   the context of an excessive force claim, the absence of serious physical injury is relevant to the

7   analysis whether use of force was malicious or sadistic. *Id.* at 7. This is because the proscription

8   on cruel and unusual punishments "necessarily excludes from constitutional recognition *de*

9   *minimis* uses of physical force, provided that the use of force is not of a sort 'repugnant to the

10  conscience of mankind.'" *Id.* at 9-10.

11      In this case, Plaintiff's excessive force claim fails because he does not allege that

12  Defendants acted maliciously and sadistically for the very purpose of causing him harm. In

13  *Jeffers v. Gomez*, the Ninth Circuit determined that an inmate alleging that prison guards violated

14  his rights under the Eighth Amendment when they shot him during a prison disturbance had

15  failed to "put forward specific, nonconclusory factual allegations" that established improper

16  motive. 267 F.3d 895, 907 (9th Cir. 2001) (per curiam) (internal citation omitted). Here,

17  Plaintiff does allege that Defendants "planned to assault him," and that they acted "sadistically

18  and maliciously" but provides no support for this conclusory allegation. (Compl. ¶¶ 29, 35, 36.)

19  This Court should reject Plaintiff's attempt to make out an excessive force claim in light of the

20  lack of specific, nonconclusory allegations regarding the state of mind element.

21      Moreover, Plaintiff's Complaint is subject to dismissal because it does not allege that he

22  suffered any serious injury as a result of this incident. Instead, Plaintiff claims that Defendants'

23  actions caused him to "suffer for several days or more thereafter," and to "remain in a constant

24  state of fear of being further assaulted by other correctional staff if he complains about his

25  religious meals." (*Id.* ¶¶ 33, 35-36.) But Plaintiff provides no specific allegations of any injury

26  that he incurred as a result of the purported excessive use of force. Accordingly, Plaintiff fails to

27  state a claim for an Eighth Amendment violation. *See Martinez v. Stanford*, 323 F.3d 1178, 1184

28  (9th Cir. 2003) (noting that the absence of serious injury is a factor to be considered in an

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                          E. Furnace v. P. Sullivan, et al.
                                                                       C 07-4441 MMC

1   excessive force claim).

2       The Court should dismiss this claim, with leave to amend, if possible, for Plaintiff to make

3   specific allegations regarding the state of mind requirement.

4   VI.  Plaintiff's Equal Protection Claim Should Be Dismissed Because Plaintiff Makes No

5        Allegation that He Was Treated Differently from Other Individuals Who Were Similarly

6        Situated.

7       "The Equal Protection Clause requires the State to treat all similarly situated people

8   equally." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). An Equal Protection claim fails

9   if the plaintiff cannot show that he has been treated differently from other similarly situated

10  individuals. *Fraley v. United States Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per

11  curiam). Further, where a prisoner raises an Equal Protection challenge, a court must apply the

12  standard set forth in *Turner v. Safley*, 482 U.S. 78 (1987). *Shakur*, 514 F.3d at 891. Under the

13  *Turner* test, a prisoner cannot succeed on an Equal Protection claim if the differential treatment

14  by Defendants is "reasonably related to legitimate penological interests." *Id.*

15      Here, Plaintiff alleges that Defendants violated his right to Equal Protection because they

16  did not provide him a vegetarian meal while providing such a meal to other inmates who were

17  similarly situated. (Compl. ¶ 40.) However, Plaintiff fails to show that he was actually similarly

18  situated as these other individuals—that is, that the Defendants knew that these other individuals

19  did not have special dietary chronos but still provided vegetarian meals to them. Under the

20  caselaw, a plaintiff raising an Equal Protection claim must show that he has been intentionally

21  treated differently from others who are similarly situated. *Thornton v. City of St. Helens*, 425

22  F.3d 1158, 1167 (9th Cir. 2005). Plaintiff merely alleges that he "is unaware of any other

23  similarly situated G.P. inmates approved to receive special religious meals . . . that defendant

24  Morales refused their meal to." (Compl. ¶ 22.) This allegation is insufficient to state a claim for

25  an Equal Protection violation.

26      Additionally, Plaintiff fails to state an Equal Protection claim because he cannot show that

27  the alleged differential treatment by Defendants was not "reasonably related to legitimate

28  penological interests," as required by *Turner*. Plaintiff's allegations are that the Defendants did

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    E. Furnace v. P. Sullivan, et al.
                                                                C 07-4441 MMC

1  not know that he had a special diet authorization.  (Compl. ¶¶ 25, 37.)  Under these

2  circumstances, Defendants' refusal to give Plaintiff a vegetarian diet were reasonably related to

3  the legitimate penological interest of only allowing special meals to those individuals authorized

4  to receive these.  Cal. Code Regs. tit. 15 §§ 3050, 3054.3.

5       Thus, Plaintiff fails to state a claim for violation of his Equal Protection rights, and the

6  Court should dismiss this claim, without leave to amend.

**CONCLUSION**

8       For the foregoing reasons, the Court should dismiss Plaintiff's complaint.  If the Court

9  denies this motion, in whole or in part, Defendants request an extension of time to file a

10  summary judgment motion.

11       Dated:  April 1, 2008

12                               Respectfully submitted,

13                               EDMUND G. BROWN JR.
                                 Attorney General of the State of California

14                               DAVID S. CHANEY
15                               Chief Assistant Attorney General

                                 FRANCES T. GRUNDER
16                               Senior Assistant Attorney General

17                               JONATHAN L. WOLFF
                                 Supervising Deputy Attorney General

18

19

20                               JOSE A. ZELIDON-ZEPEDA
                                 Deputy Attorney General
21                               Attorneys for Defendants P. Sullivan, J. Soto and D. R. Morales

22
    40228160.wpd
23  SF2008400314

24

25

26

27

28

Defs.' Not. Mot. & Mot. Dismiss; Mem. P. & A.                    E. Furnace v. P. Sullivan, et al.
                                                                      C 07-4441 MMC

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:  **E. Furnace v. P. Sullivan, et al.**

Case No.:  **C 07-4441 MMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>April 2, 2008</u>, I served the attached

**DEFENDANTS' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S COMPLAINT UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6); MEMORANDUM OF POINTS AND AUTHORITIES**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Edward T. Furnace
H-33245
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **April 2, 2008**, at San Francisco, California.

|  |  |
| --- | --- |
| M. Xiang | |
| Declarant | Signature |