1 | EDWARD T. FURNACE H-35245
2 | C.T.F.
3 | P.O. BOX-689
  | SOLEDAD, CA 93960-0689
4 | Plaintiff, IN PRO SE

FILED

08 APR 30 PM 1:33

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

In The United States District Court
For The Northern District of California
San Francisco Division

12 | EDWARD TERRAN FURNACE,
         Plaintiff,

CASE NO. C 07-4441 MMC (PR)

14 | V.
15 | Paul Sullivan, et al.,
         Defendants.

Plaintiff's Opposition to Defendants motion to Dismiss

Plaintiff, EDWARD T. FURNACE submits this opposition to the DEFENDANTS motion to Dismiss

# TABLE OF CONTENTS

| | PAGE |
|---|---|
| MEMORANDUM of Points And Authorities | 2 |
| INTRODUCTION | 2 |
| ARGUMENT | 2 |
| I. Plaintiff's First Amendment Claims should be upheld because these rights were firmly established. | 2 |
| II. Plaintiff's RLUIPA Claim should be upheld. | 3 |
| III. Plaintiff relies on the Allegations in the Complaint for Defendants Argument to Dismiss the State law claims. | 5 |
| IV. Plaintiff relies on the Allegations in the Complaint for Defendants Argument for monetary damages under Article 1 § 4 and 7 of the Cal. Const. | 5 |
| V. Plaintiff has stated a claim under the Eighth Amendment. | 5 |
| VI. Plaintiff's Equal Protection Claim should be upheld because no other similarly situated General Population inmates approved to Receive Special Religious meals were Pepper Sprayed for requesting it. | 7 |

Pl. Not. Mot. & Mot. of Opp'n to Mot. to Dismiss. Mem. P. & A.

E. Furnace v. R Sullivan et al.
C 07-4441-MMC (PR)

i

# TABLE OF AUTHORITIES

| CASES | PAGE |
|---|---|
| Cruz v. Beto<br>405 U.S. 319 (1972) | 7 |
| Cutter v. Wilkinson<br>125 S.Ct. at 2119 | 5 |
| Elrod v. Burns<br>427 U.S. 347 (1976) | 3 |
| Foulk v. Charrier<br>262 F.3D 687 (8th Cir. 2001) | 6 |
| Hudson v. McMillian<br>503 U.S. 1, 9 (1992) | 6 |
| Lawrence v. Bowersox<br>297 F.3D 727 (8th Cir. 2002) | 6 |
| McElyea v. Babbit<br>833 F.2D 196 (9th Cir. 1987) | 3 |
| Reese v. Jefferson Sch Dist. No 14J<br>208 F.3D 736 (9th Cir. 2000) | 7 |
| San Jose Christian Coll. v. City of Morgan Hill<br>360 F.2D 1024 (9th Cir 2004) | 4 |
| Thomas v. Review Bd of Ind. Employment Sec. Div.<br>450 U.S. 707 | 4 |
| Treats v. Morgan<br>308 F.3D 868 (8th Cir. 2002) | 6 |
| Whitley v. Albers<br>475 U.S. 312 (1986) | 5, 6 |

## Table of Authorities (Continued)

| | PAGE |
|---|---|
| **CONSTITUTIONAL PROVISIONS** | |
| California Constitution | |
| Article I | |
| § 4 | 2, 5 |
| § 7 | 2, 5 |
| § 17 | 2 |
| Federal Constitution | |
| First Amendment | 2, 3 |
| Eighth Amendment | 2, 5, 6 |
| Fourteenth Amendment | 2, 7 |
| **STATUTES** | |
| Religious Land Use Institutionalized Person Act (RLUIPA) | |
| United States Code, Title 42 | |
| § 2000 cc-1 | 3, 4 |
| § 2000 cc-3(g) | 3, 4 |
| § 2000 cc-5 (7)(A) | 3 |
| California Code of Regulations, Title 15 | |
| § 3054(l) | 3, 8 |
| § 3050 (a)(1) | 7 |
| § 3044 (c)(5) | 7 |
| § 3004(c) | 7 |
| § 3054.3(b)(1) | 8 |
| Departmental Operations Manual (DOM) | |
| § 54080.14 | 3, 8 |

1  EDWARD T. FURNACE H-33245
2  C.T.F.
   P.O. Box 689
3  Soledad, CA 93960-0689
   Plaintiff, IN PRO SE

8           IN THE UNITED STATES DISTRICT COURT
9           FOR THE NORTHERN DISTRICT OF CALIFORNIA
10                  SAN FRANCISCO DIVISION

11  EDWARD T. FURNACE,
12              Plaintiff,          CASE No. C07-4441 MMC (PR)
13  V.                              Plaintiff's Opposition to Defendants
14  Paul Sullivan, et al.,          Motion to Dismiss
                Defendants.
15                                  Judge:  The Honorable
16                                          Maxine M. Chesney

17  Plaintiff, EDWARD T. FURNACE submits this opposition to the Defen-
18  dants motion to Dismiss the complaint for Failure to state a claim
19  upon which Relief can be granted.
20  This opposition is based on this opposition motion, the memo-
21  randum of points and authorities, And the complaint and
22  attached papers to it on file in this action.
23  Dated April 26, 2008

25                                  _Edward T. Furnace_
                                    EDWARD T. FURNACE
26                                  PLAINTIFF, IN PRO SE

Pl. Not. mot. & mot. of
Opp'n to mot. to Dismiss           -1-      E. Furnace v. P. Sullivan et al.,
mem. P. & A                                 C-07-4441 MMC (PR)

# MEMORANDUM OF POINTS AND AUTHORITIES

## INTRODUCTION

Plaintiff is an inmate in the custody of the California Department of Corrections and Rehabilitations (CDCR), and is a practitioner of the African Religious Faith Shetaut Neter, and is protected under the "Religious Land Use Institutionalized Persons Act" (RLUIPA), the First Amendment, the Eighth Amendment and the Fourteenth Amendment to the United States Constitution. In addition, Plaintiff is also protected under Article I §§ 4, 7, and 17 of the California State Constitution.

As alleged in the complaint, the defendants did assault and batter Plaintiff where there was no objective need for the degree of unnecessary excessive force with a chemical agent designed to burn the flesh, because Plaintiff requested his approved religious meal. At no time did Plaintiff pose a significant or immediate threat to the defendants, as he was securely locked behind a closed steel door. Defendants' actions were malicious and sadistic and meant to cause Plaintiff harm.

## ARGUMENT

The Defendant's motion to dismiss must be denied. Plaintiff's rights were firmly established under both the State and Federal Constitutions and Statutes

I. <u>Plaintiffs' First Amendment claims should be upheld because these rights were already firmly established.</u>

Plaintiff enjoys the Free Exercise of Religion under the First Amendment to receive a religious meal. In McElyea v. Babbit, 833 F.2d 196 (9th Cir 1987) the Court held that, "inmates... have the right to be provided with foods sufficient to sustain them in good health that satisfies the dietary laws of their religion." Id at 198. The loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury. Elrod v. Burns 427 U.S. 347, 373, 96 S.Ct. 2673, 49 L.Ed 2d 547 (1976). Cal. Code Regs. Title 15, § 3054(d) and D.O.M § 54080.14 Both state that each institution/facility shall make reasonable efforts, as required by law, to accommodate those inmate's who have been verified to require special religious diets.

II. <u>Plaintiff's RLUIPA claim should be upheld.</u>

The Court should not dismiss Plaintiff's claim under the RLUIPA because Plaintiff was under the protection of this statute at the time of its violation by the Defendants in this action.

Section 3 of RLUIPA provides, in relevant part, that "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution."

RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious beliefs." § 2000cc-5 (7)(A). By its terms, RLUIPA is to be construed <u>broadly in favor of protecting an inmate's right to</u>

1. exercise his religious beliefs. § 2000cc-3(g).
2. In the context of a land use suit brought under RLUIPA,
3. the court has explained that "For a land use regulation to
4. impose a substantial burden, it must be "oppressive" to a
5. "significantly great" extent. That is, a 'substantial burden'
6. on "religious exercise" must impose a significantly great
7. restriction or onus upon such exercise. San Jose Chris-
8. tian Coll v. City of Morgan Hill, 360 F.3D 1024, 1034
9. (9th Cir. 2004) In addition, the Supreme Court has found
10. a substantial burden as where the state denies an im-
11. portant benefit because of conduct mandated by reli-
12. gious belief, thereby putting substantial pressure on an
13. adherent to modify his behavior and to violate his
14. beliefs. Thomas v. Review Bd of the Ind. Employment
15. Sec. Div., 450 U.S. 707, 717-18, 101 S.Ct. 1425, 67
16. L.Ed 2D 624 (1981).
17. As alleged throughout the complaint, Plaintiff simply
18. requested to be issued his approved religious dietary meal
19. from the Defendants. Plaintiff requested to speak to the
20. building floor officer after being denied his meal and
21. was immediately thereafter assaulted by the defendants
22. with O.C. Pepper Spray. Defendants think they have
23. a blank check to use O.C. Pepper Spray even in situ-
24. ations where no threat can reasonably be perceived.
25. Plaintiff cannot think of anything more substantially burden-
26. some or oppressive than that. Plaintiff is unable to
27. freely attend to his religious needs and is dependant on
28. the government's permission and accommodations. See

1  Cutter v. Wilkinson 125 S. Ct. at 2119. Defendants
2  argument must fail. They're attempting to justify their
3  wrong doings on the bases of a single incident, where
4  they maliciously and sadistically pepper sprayed Plaintiff
5  for questioning them about his religious meal. Plaintiff's
6  rights were already established by Statute and the
7  Constitution.
8  III. Plaintiff relies on the allegations in the complaint
9      for Defendants argument to dismiss the state law
10     claims.
11 IV. Plaintiff relies on the allegations in the complaint
12     for Defendants argument for monetary damages
13     under Article 1 § 4 and 7 of the Cal. Const.
14 V. <u>Plaintiff has stated a claim under the Eighth Amendment.</u>
15     As alleged in the complaint, Defendants actions started
16 with a mumbled derogatory comment regarding Plaintiff's
17 religious meal. The Court should uphold Plaintiff's Eighth
18 Amendment excessive force claim because the allegations
19 clearly state a claim for a violation of this constitution-
20 al provision. Whenever Prison officials stand accused of
21 using excessive physical force constituting "the unnece-
22 ssary and wanton infliction of pain" violative of the
23 cruel and unusual punishment clause. The core judic-
24 ial inquiry is set out in Whitley v. Albers, 475 U.S.
25 312, 320-321, 106 S. Ct. 1078, 1084-1085, 89 L.ED
26 2D 251. Whether force was applied in a good faith
27 effort to maintain or restore discipline, or maliciously
28 and sadistically to cause harm. The absence of serious

Pl. Not. mot. & mot. of opp'n to    -5-    E. Furnace v. P. Sullivan et al.,
mot. to Dismiss. Mem P.gA            C 07-4441 MMC (PR)

1. injury is relevant to, but does not end, the Eighth Amendment
2. inquiry.
3.     In this case, the Defendants assaulted Plaintiff with O.C.
4. Pepper Spray simply for requesting his Pre-Approved Religious
5. meal. Plaintiff at all times was securely locked in a cell be-
6. hind a closed steel door, and posed no threat to any of
7. the Defendants. The Defendants actions were malicious and
8. sadistic, as there can be no justifiable reason for their use
9. of force, if not to intentionally inflict pain and harm
10. upon the Plaintiff. See Treats v. Morgan 308 F.3d 868
11. (8th Cir. 2002).
12.     The Eighth Amendment protects inmates from the un-
13. necessary and wanton infliction of pain by correctional offi-
14. cers. Whitley v Albers, 475 U.S. 312, 319, 106 S.Ct 1078,
15. 89 L.Ed 2d 251 (1986). Regardless of whether an inmate
16. suffers serious injury as a result. Hudson v. McMillian,
17. 503 U.S. 1, 9, 112 S.Ct. 995, 117 L.Ed 2d 156 (1992).
18.     A basis for an Eighth Amendment claim exist when, as
19. alleged here, an officer uses pepper spray without warning
20. on an inmate who may have questioned his actions but
21. otherwise poses no threat. Foulk v. Charrier 262 F.3d 687
22. (8th Cir. 2001). Also, Lawrence v. Bowersox 297 F.3d 727,
23. 731 (8th Cir. 2002). What happened in Foulk is similar
24. to this case in that Plaintiff was also sprayed in the face
25. after questioning and asking to speak to the Buildings
26. Floor officer, Defendant Soto. See Treats v Morgan, supra
27. //
28. //

Pl. Not. Mot. & Mot. of Opp'n to  
Mot. to Dismiss Mem. P. & A. — 6 — E. Furnace v. R Sullivan et al., C 07-4441 MMC (PR)

1. VI. Plaintiff's Equal Protection claim should be upheld because no other similarly situated general population inmates approved to receive special religious meals were pepper sprayed for requesting it.

Plaintiff has stated a claim for relief for a violation of the Equal Protection Clause, as the Defendants acted with intentional discrimination against Plaintiff. Reese v. Jefferson Shh. Dist. No. 14J, 208 F.3d 736, 740 (9th Cir. 2000). Cal. Code Regs. Title 15 §§ 3044(c)(5) states, No inmate or group of inmates shall be granted privileges not equally available to other inmates of the same custody classification and assignment who would otherwise be eligible for the same privileges.

CCR Title 15 §§ 3050(a)(1) states: Foods shall not be withheld nor standard menu varied as a disciplinary sanction for any inmate.

In Cruz v. Beto 405 U.S. 319, 322, 92 S. Ct 1079, 1081-82, 31 L. Ed 2d 263, 268 (1972) The Supreme Court emphasized that the same constitutional standard must be applied to all limitations on religious practices and that there must be equal treatment of different religions.

Cal. Code Regs. Title 15 § 3004(c) forbids employees from discriminating against inmates because of race, religion, nationality, sex, political belief, age, or physical or mental handicap.

In this case, Plaintiff was housed within the General Population (G.P.) All cells are essentially the same.

1  Plaintiff was the only G.P. inmate pepper sprayed by the Defendants
2  for requesting his pre-approved religious meal. Being pepper sprayed
3  simply for requesting a religious meal is not normal nor a
4  rational response for such a request. Defendants actions
5  was not reasonably related to any penological interest. The
6  Defendants have no training in the handling, preparation,
7  and distribution of religious meals, and never should have
8  been assigned such a duty by their superior officers.
9      Cal. Code Regs. Title 15 § 3054(d), and D.O.M. 54080.14
10 provides that each institution shall make reasonable efforts,
11 as required by law, to accommodate those inmates
12 who have been determined pursuant to CCR Tit. 15 §
13 Subsection 3054.3(b)(1), to require a religious diet.
14                      Conclusion
15     For the foregoing reasons, the court should uphold
16 the Plaintiffs' complaint with leave to amend. The Defendants
17 motion to dismiss must be denied in the interest of
18 justice.

19
20 DATED: April 26, 2008
21
22                                      Very truly yours
23                                      _Edward T. Furnace_
24                                      EDWARD T. FURNACE
                                        Plaintiff, IN PRO SE
25
26
27
28
---
Pl. Not. Mot. & Mot. of Opp'n to          -8-          E. Furnace v. P. Sullivan et al.,
mot. to Dismiss. Mem. P&A.                             C 07-4441 MMC (PR)

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

EDWARD T. FURNACE,
        Plaintiff,

CASE NO. C07-4441 MMC (PR)

[PROPOSED] ORDER DENYING DEFENDANTS MOTION TO DISMISS

V.

Paul Sullivan, et al.,
        DEFENDANTS.

The Plaintiffs opposition to the Defendants motion to dismiss has been submitted and heard by this court. After consideration of the motion and opposition, and all other matters presented to the court.
IT IS HEREBY ORDERED that Defendants motion to dismiss is DENIED.

DATED: _____

_____
The Honorable Maxine M. Chesney
United States District Judge

[ORDER]

E. Furnace v. P Sullivan, et al.
C07-4441 MMC (PR)

**PROOF OF SERVICE BY MAIL**
**BY PERSON IN STATE CUSTODY**
(C.C.P. §§ 1013(A), 2015,5)

I, EDWARD T. FURNACE, declare:
I am over 18 years of age and I am party to this action. I am a resident of CORRECTIONAL TRAINING FACILITY prison, in the County of Monterrey, State of California. My prison address is:

EDWARD T. FURNACE, CDCR #: H-33245
CORRECTIONAL TRAINING FACILITY
P.O. BOX 689, CELL #: CW-145
SOLEDAD, CA 93960-0689.

On 4-28-2008, I served the attached:
Plaintiffs Opposition to the Defendants motion to Dismiss and Proposed Order

on the parties herein by placing true and correct copies thereof, enclosed in a sealed envelope (verified by prison staff), with postage thereon fully paid, in the United States Mail in a deposit box so provided at the above-named institution in which I am presently confined. The envelope was addressed as follows:

Office of the Clerk
U.S. District Court
Northern District of CA
450 Golden Gate Ave.
San Francisco, CA 94102

Jose A. Zelidon-Zepeda
Deputy Attorney General
Department of Justice
455 Golden Gate Ave.
Suite-11000
San Francisco, CA
94102-3664

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
Executed on 4-28-2008.

Edward T. Furnace
EDWARD T. FURNACE
Declarant
Plaintiff, in Pro Se



Edward T. Frances H59265
C-T-F
P.O. Box 689
O-Wing - 145
Soledad, CA. 93960-0689
Plaintiff, In Pro Se

Office of the Clerk, U.S. District Court
For The Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102