EDMUND G. BROWN JR.
Attorney General of the State of California
DAVID S. CHANEY
Chief Assistant Attorney General
FRANCES T. GRUNDER
Senior Assistant Attorney General
JONATHAN L. WOLFF
Supervising Deputy Attorney General
JOSE A. ZELIDON-ZEPEDA, State Bar No. 227108
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone: (415) 703-5781
  Fax: (415) 703-5843
  Email: Jose.ZelidonZepeda@doj.ca.gov

Attorneys for Defendants P. Sullivan, J. Soto and D. R. Morales

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| EDWARD TERRAN FURNACE,<br><br>                                Plaintiff,<br><br>          v.<br><br>PAUL SULLIVAN, Correctional Officer, et al.,<br><br>                                Defendants. | C 07-4441 MMC<br><br>**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**<br><br>Judge:   The Honorable<br>             Maxine M. Chesney |

## INTRODUCTION

This is a prisoner civil rights action under 42 U.S.C. § 1983. Plaintiff Edward Furnace is an inmate in the custody of the California Department of Corrections and Rehabilitation. (Compl. ¶ 2.) This action arises from events that took place in Salinas Valley State Prison on May 22, 2005. (*Id.* ¶ 16.)

On April 2, 2008, Defendants filed a motion to dismiss Furnace's complaint for failure to state a claim upon which relief can be granted. Furnace has filed an opposition to the motion to dismiss. For the reasons stated below, the Court should dismiss the complaint.

Defs.' Reply Supp. Mot. to Dism.                                                                    E. Furnace v. P. Sullivan, et al.
                                                                                                                 C 07-4441 MMC

1

I. <u>Plaintiff Fails to State a Claim Under the First Amendment Because a Single Instance of Deprivation of a Religious Meal Does Not Violate the Constitution.</u>

Defendants moved to dismiss Furnace's First Amendment claim for failure to state a claim upon which relief can be granted. In his opposition to the motion to dismiss, Furnace argues that his First Amendment rights "were firmly established," but does not demonstrate how his rights were violated. (Opp'n 2-3.) For this reason, the motion to dismiss should be granted.

As set forth in Defendants' motion to dismiss, there is no dispute that the First Amendment grants inmates like Furnace the right to free exercise of religion. However, Furnace's factual allegations fail to demonstrate that Defendants violated his rights during the May 22, 2005 incident at SVSP. Furnace cites *McElyea v. Babbitt*, 833 F.2d 196 (9th Cir. 1987), which held that inmates have the right to be provided with food that satisfies the precepts of their religion. In this case, Defendants do not dispute that Furnace has such a right. However, unlike the prisoner in *Babbitt*, Furnace has not been systematically denied the right to such food. Instead, Furnace complains of a single instance when he was not provided with a religious meal. Further, Furnace's own factual allegations indicate that Defendants did not even know that Furnace had been verified to receive such a meal. (Compl. ¶¶ 23, 25.) Accordingly, in this case, Furnace's allegations state at best a *de minimis* injury, caused by inadvertence or mistake.

Furnace argues that the loss of First Amendment freedoms for even minimal periods of time constitutes "irreparable injury," citing *Elrod v. Burns*, 427 U.S. 347, 373 (1976). *Elrod* is distinguishable from this case in two significant ways. First, the *Elrod* Court was addressing the issue of irreparable injury within the context of a preliminary injunction analysis. *Id.* It was in this context that the Court determined that the loss of First Amendment free speech for minimal periods of time constituted "irreparable injury." By contrast, this case involves the issue of whether, after the fact, the minimal deprivation of free exercise of religion amounts to a constitutional violation.

Second, this case does not involve free speech of the general public, but instead involves the rights of prisoners under the free exercise clause. In prisoner rights cases, courts apply a different analysis. For example, in prisoner cases courts have rejected attempts to impose

liability for single incidents of defective meals. *Speech v. Ward*, No. CIV S-05-1403, 2006 WL 2849822 (E.D. Cal. Oct. 4, 2006) (slip copy) (single instance of being served a meal contaminated with maggots not actionable under Eighth Amendment). In the context of a prisoner First Amendment claim, the Seventh Circuit stated that an allegation of a mere isolated delay or other relatively short-term disruption in delivery of reading materials does not state a claim. *Sizemore v. Williford*, 829 F.2d 608, 610 (7th Cir. 1987). Thus, Furnace's arguments under *Elrod* are inapposite.

For these reasons, Furnace's First Amendment claim should be dismissed, without leave to amend.

II.   Plaintiff's RLUIPA Claim Should be Dismissed Because it Fails to Allege the Requisite "Substantial Burden."

Furnace also asserts that Defendants violated his rights under RLUIPA. However, the factual allegations in Furnace's complaint are insufficient to state a claim under this statute.

Under the caselaw, a party raising a RLUIPA claim bears the burden of persuasion to show that a government entity's actions impose a "substantial burden" on plaintiff's religious exercise. *San Jose Christian Coll. v. City of Morgan Hill*, 360 F.3d 1024, 1034 (9th Cir. 2004). To constitute a "substantial burden," the regulation must "impose a significantly great restriction or onus upon such exercise." *Warsoldier v. Woodford*, 418 F.3d 989, 995 (9th Cir. 2005).

Here, Furnace's allegations are that Defendants denied him a vegetarian breakfast tray on one occasion because they did not know that he had a special religious chrono. (Compl. ¶¶ 22, 23, 25.) Thus, this case does not present the type of systematic denial of religious activity that constitutes a RLUIPA violation under this Circuit's caselaw. *Cf. Greene v. Solano County Jail*, 513 F.3d 982, 988 (9th Cir. 2008) (wholesale ban on group worship imposed a "substantial burden"); *see also Warsoldier*, 418 F.3d at 996 (prison grooming regulation requiring male inmates to keep length of hair at a maximum of three inches imposes a "substantial burden" under RLUIPA).

In his opposition to the motion to dismiss, Furnace argues that "Defendants think they have a blank check to use O.C. pepper spray even in situations where no threat can reasonably be

perceived." (Opp'n 4.) This allegation is more relevant to Furnace's Eighth Amendment claim than a RLUIPA claim. Further, it is not a "substantial burden" to require an inmate who requests a vegetarian meal to have approval for such a meal. *Cf. Jones v. Bradley*, 590 F.2d 294, 296 (9th Cir. 1979) (challenges to prison restrictions that are asserted to inhibit First Amendment interests must be analyzed in terms of the legitimate policies and goals of the corrections system). In this case, Defendants, by Furnace's own allegations, did not know that Furnace had such approval.

Furnace also argues that Defendants pepper sprayed him "for questioning them about his religious meal." (Opp'n 5.) As the documents appended to Furnace's complaint make clear, it was Furnace's attempt to commandeer the food cuff port that necessitated his being pepper sprayed. (Compl. Ex. D.)[1]

For these reasons, Furnace's RLUIPA claim should be dismissed without leave to amend, because he has not met his burden to demonstrate that Defendants' actions imposed a "substantial burden" on his religious exercise.

III. <u>Plaintiff's Claims Under the California Constitution Should Be Dismissed Because Furnace Did Not File a Claim Under the Tort Claims Act Before Filing this Action and Because California Law Does Not Authorize a Private Damages Action for Alleged Violations of these Provisions.</u>

Defendants moved to dismiss Furnace's claims under Article I, §§ 4 and 7 of the California Constitution because Furnace did not allege that he submitted a claim under the California Tort Claims Act before filing this action. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). In his opposition, Furnace does not dispute the fact that he has not complied with the requirements of the Act. (Opp'n 5.) Accordingly, these claims must be dismissed because "compliance with the Tort Claims Act is a *prerequisite* to filing suit and plaintiff *must* allege compliance" in order to proceed with his state law claims. *Hendon v. Baroya*, No. 05-CV-00838, 2006 WL 1791349, at *1 (E.D. Cal. June 27, 2006) (emphases in

---

1. In ruling on a motion to dismiss, this Court can look to exhibits attached to a complaint. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1030-31 (9th Cir. 2008).

Defs.' Reply Supp. Mot. to Dism.                                                                 E. Furnace v. P. Sullivan, et al.
                                                                                                                C 07-4441 MMC

original).

Defendants also argued that Furnace's damages claims under the California Constitution should be dismissed because there is no cause of action for damages under these provisions. (Defs.' Mot. Dism. 8.) Furnace raises no arguments in opposition to the motion to dismiss these claims, but instead merely states that he "relies on the allegations in the complaint." (Opp'n 5.) Because state law clearly does not provide damage remedies for alleged violations of these constitutional provisions, these claims must be dismissed, without leave to amend. *See Harvey v. City of Oakland*, No. C07-01681, 2007 WL 3035529, at *6 (N.D. Cal. Oct. 16, 2007).

IV. <u>The Court Should Dismiss Furnace's Eighth Amendment Claim Because He Does not Allege that the Actions by Defendants Were Motivated by an Improper Motive or that He Suffered Serious Injury as a Result of these Actions.</u>

As set forth in Defendants' motion to dismiss, Furnace's complaint fails to "put forward specific, nonconclusory factual allegations" establishing that Defendants' alleged actions during May 22, 2005 were done "maliciously and sadistically." *See Jeffers v. Gomez*, 267 F.3d 895, 907 (9th Cir. 2001) (per curiam) (internal citation omitted). In his opposition, Furnace argues that Defendants pepper sprayed him "simply for requesting his pre-approved religious meal." (Opp'n 6.) However, Furnace's complaint acknowledges that Defendant Morales (one of the officers who pepper sprayed Furnace) did not know that Furnace was authorized to receive a religious meal. (Compl. ¶ 25.) Further, Furnace was not pepper sprayed in response to his request for a religious meal, but instead was sprayed when he took control of the food cuff port. (*Id.* ¶¶ 26-27.) Exhibit 1 to Furnace's complaint makes this even more clear–Furnace eventually was found guilty of violating prison rules by commandeering the food cuff port.

Furnace contends that this case is similar to *Foulk v. Charrier*, 262 F.3d 687 (8th Cir. 2001). (Opp'n 6.) In *Foulk*, the jury found that a prison guard repeatedly pepper sprayed an inmate and left him in solitary confinement in a cell without running water to wipe his face. *Id.* at 692. In this case, Defendants utilized pepper spray when Furnace took control of the food cuff port, not in response to Furnace's request for a vegetarian meal. Further, Furnace does not allege that Defendants failed to allow him to decontaminate from the pepper spray.

Defs.' Reply Supp. Mot. to Dism.    E. Furnace v. P. Sullivan, et al.
C 07-4441 MMC

5

Furnace also cites *Lawrence v. Bowersox*, 297 F.3d 727 (8th Cir. 2002). Like *Foulk*, *Lawrence* is inapposite, out of circuit authority. In *Lawrence*, the Eighth Circuit affirmed a jury verdict that found in favor of plaintiffs where the inmates and their whole cell were soaked with pepper spray. *Id.* at 729. The Eighth Circuit determined that the inmates' injuries were not *de minimis* given the extent of the pepper spray dousing, and the fact that the incident caused one of the plaintiffs intense burning on his skin for several days after the incident. *Id.* There was also testimony that one of the prisoners experienced spotting on his body for almost two years after the incident, and that another inmate suffered skin and eye problems. *Id.* at 732. By contrast, in this case Furnace alleges that Defendants sprayed him with two bursts of pepper spray. (Compl. ¶¶ 29, 31.) Moreover, although he claims that Defendants' actions caused him to "suffer for several days thereafter and to remain in a constant fear for his safety if he complains about his religious meals," Furnace does not allege that he incurred lasting physical injury. (*Id.* ¶ 52.)

Finally, Furnace relies on yet another out of circuit decision, *Treats v. Morgan*, 308 F.3d 868 (8th Cir. 2002). In *Treats*, the court held that summary judgment was not appropriate because there were genuine issues of material fact regarding the incident at issue. *Id.* at 875. In this case, Defendants move to dismiss for failure to state a claim under Rule 12(b)(6). A 12(b)(6) motion tests the legal sufficiency of the complaint, and thus summary judgment caselaw is inapposite. *See Bomher v. Reagan*, 522 F.2d 1201, 1202 (9th Cir. 1975) (per curiam) ("When a case is dismissed for failure to state a claim for relief, a pure question of law, no question of fact exists for a jury to try.").

Because Furnace's Eighth Amendment claim does not state facts entitling him to relief, the claim should be dismissed, with leave to amend, if possible, for Furnace to make the requisite specific factual allegations.

V.   <u>Furnace Fails to State a Claim Under the Equal Protection Clause Because He Does Not Allege that He Was Treated Differently from Other Similarly Situated Inmates.</u>

Although Furnace's complaint claims that he was denied a vegetarian meal when other inmates were provided such a meal, he fails to state a claim under the Equal Protection clause because he does not allege that these other inmates were similarly situated. *See Fraley v. United*

Defs.' Reply Supp. Mot. to Dism.                                E. Furnace v. P. Sullivan, et al.
                                                                C 07-4441 MMC

6

*States Bureau of Prisons*, 1 F.3d 924, 926 (9th Cir. 1993) (per curiam). Instead, Furnace's complaint merely alleges that he "is unaware of any other similarly situated [general population] inmates approved to receive special religious meals . . . that defendant Morales refused their meal to." (Compl. ¶ 22.) This allegation is insufficient for two reasons. First, Furnace's own complaint demonstrates that Defendants did not know that Furnace was cleared to receive a religious meal. (Compl. ¶ 25, 37.) As a result, Furnace cannot show that he was "similarly situated" to these other general population inmates who received their religious meal—that is, that the Defendants knew that these other individuals did not have special dietary chronos but Defendants still provided vegetarian meals to them. As the Ninth Circuit has pointed out, "An equal protection claim will not lie by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (internal citation omitted).

Furnace argues that, under *Cruz v. Beto*, 405 U.S. 319 (1972) (per curiam), prisons must treat all religions equally. (Opp'n 7.) However, *Cruz* was a First Amendment case, not an Equal Protection case. *Cruz*, 405 U.S. at 322. Moreover, the allegations of Furnace's complaint are that *he* was treated differently from other inmates, not that his *religion* was singled out for discriminatory treatment: "On the morning of May 22, 2005, Plaintiff was similarly situated with other general population inmates. . . ." (Compl. ¶ 40.) Furnace also argues that Defendants "never should have been assigned" to distribution of religious meals because they are not trained in handling these duties. (Opp'n 8.) This argument is irrelevant to an Equal Protection analysis.[2]

Furnace provides no cogent arguments in opposition to the motion to dismiss his Equal

/ / /

/ / /

---

2. Additionally, Furnace's allegation in this respect lacks foundation because it does not appear to be based on personal knowledge.
Defs.' Reply Supp. Mot. to Dism.                                    E. Furnace v. P. Sullivan, et al.
                                                                    C 07-4441 MMC

7

1  Protection claim. Accordingly, the Court should dismiss this claim, without leave to amend.

## CONCLUSION

For the foregoing reasons, the Court should dismiss Plaintiff's complaint. If the Court denies this motion, in whole or in part, Defendants request an extension of time to file a summary judgment motion.[3]

Dated: May 14, 2008

Respectfully submitted,

EDMUND G. BROWN JR.
Attorney General of the State of California

DAVID S. CHANEY
Chief Assistant Attorney General

FRANCES T. GRUNDER
Senior Assistant Attorney General

JONATHAN L. WOLFF
Supervising Deputy Attorney General

JOSE A. ZELIDON-ZEPEDA
Deputy Attorney General
Attorneys for Defendants P. Sullivan, J. Soto and D. R. Morales

40252981.wpd
SF2008400314

---

3. In filing the motion to dismiss, the undersigned counsel neglected to file a proposed order. The proposed order required under the Court's standing order is being filed concurrently with this reply.

Defs.' Reply Supp. Mot. to Dism.                                   E. Furnace v. P. Sullivan, et al.
                                                                                C 07-4441 MMC

## DECLARATION OF SERVICE BY U.S. MAIL

Case Name:   **E. Furnace v. P. Sullivan, et al.**

Case No.:    **C 07-4441 MMC**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made. I am 18 years of age or older and not a party to this matter. I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service. In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>May 15, 2008</u>, I served the attached

**DEFENDANTS' REPLY IN SUPPORT OF MOTION TO DISMISS**

**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA 94102-7004, addressed as follows:

Edward T. Furnace
H-33245
Salinas Valley State Prison
P.O. Box 1020
Soledad, CA 93960-1020
Pro Per

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on **May 15, 2008**, at San Francisco, California.

|  M. Xiang  |  _/s/_  |
| :---: | :---: |
| Declarant | Signature |