

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **EDWARD TERRAN FURNACE,**<br>Plaintiff,<br>**v.**<br>**PAUL SULLIVAN, Correctional Officer, et al.,**<br>Defendants. | C 07-4441 MMC<br>**[PROPOSED] ORDER GRANTING DEFENDANTS' MOTION TO DISMISS UNDER RULE 12(b)(6)**<br>Judge: The Honorable Maxine M. Chesney |

**INTRODUCTION**

This is a prisoner civil rights action under 42 U.S.C. § 1983. Currently before the Court is defendants' motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed an opposition to the motion to dismiss, and defendants filed a reply.

///

///

## FACTUAL BACKGROUND[1]

Plaintiff alleges that on May 22, 2005, Salinas Valley State Prison correctional officer Morales attempted to serve him a breakfast tray that did not meet plaintiff's religious dietary requirements. When plaintiff objected to taking this tray, defendant Morales told plaintiff that defendant Soto stated that plaintiff was not designated for a vegetarian meal. Plaintiff attempted to call defendant Soto, at which point defendant Morales sprayed plaintiff with O.C. pepper spray. Plaintiff also alleges that defendant Sullivan also pepper sprayed him.

On January 9, 2008, the Court issued its order of service, ruling that plaintiff stated the following cognizable claims: 1) violation to right of free exercise of religion under the First Amendment, the Religious Land Use and Institutionalized Persons Act (RLUIPA), 42 U.S.C. § 2000cc-1, and Article I, § 4 of the California Constitution; 2) violation of his Eighth Amendment right to be free from use of excessive force; and 3) violation of his Fourteenth Amendment right to equal protection, and Article I, § 7 of the California Constitution. (Order of Service 2.) The Court dismissed plaintiff's claim for negligence. *Id.*

## LEGAL STANDARD

A case should be dismissed under Federal Rule of Civil Procedure 12(b)(6) if it fails to state a claim upon which relief can be granted. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1969 (2007). Where a complaint's defects are not curable, the court should dismiss without leave to amend. *See Coakley v. Murphy*, 884 F.2d 1218, 1222 (9th Cir. 1989).

## ANALYSIS

Plaintiff complains that on one occasion on May 22, 2005, he was denied a religious vegetarian meal. This *de minimis* injury does not state a constitutional violation. *Cf. Sizemore v. Williford*, 829 F.2d 608 (7th Cir. 1987) (an isolated delay or short-term disruption in mail delivery will not support a First Amendment cause of action). Accordingly, defendants' motion

---

1. In ruling on defendants' motion to dismiss, the Court takes the allegations in the complaint as true and construes them in the light most favorable to plaintiff. *Cahill v. Liberty Mutual Ins. Co.*, 80 F.3d 336, 337-38 (9th Cir. 1996).

to dismiss plaintiff's First Amendment claim is granted, without leave to amend.

Similarly, plaintiff's claim under the Religious Land Use and Institutionalized Persons Act, 42 U.S.C. § 2000cc-1, fails because he has not met his burden to show that Defendants' actions imposed a "substantial burden" on his religious exercise. 42 U.S.C. § 2000cc-2(b); *Warsoldier v. Woodford*, 418 F.3d 994, 995 (9th Cir. 2005). By contrast, cases in this Circuit finding a "substantial burden" involved systematic denial of a prisoner's ability to practice his religion. *See, e.g., Greene v. Solano County Jail*, 513 F.3d 982, 988 (9th Cir. 2008); *Alvarez v. Hill*, 518 F.3d 1152 (9th Cir. 2008). Accordingly, plaintiff's RLUIPA claim is dismissed, without leave to amend.

Defendants move to dismiss plaintiff's claims under Article I, §§ 4 and 7 of the California Constitution, arguing that California law does not provide an individual damages action for violation of these provisions. *See Katzberg v. Regents of the Univ. of Cal.*, 29 Cal.4th 300, 307 (Cal. 2002). Under California law, "It is beyond question that a plaintiff is not entitled to damages for a violation of the due process clause or the equal protection clause of the state Constitution." *Javor v. Taggart*, 98 Cal.App.4th 795, 807 (Cal. Ct. App. 2002). In light of this caselaw, plaintiff's state law claims are dismissed, without leave to amend.[2/]

Defendants also move to dismiss plaintiff's Eighth Amendment excessive force claim. As defendants point out, the complaint lacks "specific, nonconclusory allegations" that establish the state of mind requirement for an excessive force claim. *Jeffers v. Gomez*, 267 F.3d 895, 907 (9th Cir. 2001) (per curiam) (internal citation omitted). Therefore, plaintiff's excessive force claim is dismissed, with leave to amend, if possible, for plaintiff to make the requisite allegations regarding the state of mind requirement.

Lastly, plaintiff argues that defendants violated his right to Equal Protection because they did not provide him a vegetarian meal while providing such a meal to other inmates who were

---

2. Defendants also move to dismiss plaintiff's state constitutional claims because plaintiff has not alleged that he filed a claim under the California Tort Claims Act before filing suit. *See Karim-Panahi v. Los Angeles Police Dep't*, 839 F.2d 621, 627 (9th Cir. 1988). The Court need not address this issue in light of the dismissal of the state constitutional claims under *Katzberg*.

similarly situated. However, plaintiff fails to show that he was actually similarly situated as these other individuals. In this case, plaintiff merely alleges that he "is unaware of any other similarly situated G.P. [general population] inmates approved to receive special religious meals . . . that defendant Morales refused their meal to." This allegation is insufficient for two reasons. First, Furnace's own complaint demonstrates that defendants did not know that Furnace was cleared to receive a religious meal. (Compl. ¶ 25, 37.) As a result, Furnace cannot show that he was "similarly situated" to these other general population inmates who received their religious meal–that is, that the defendants knew that these other individuals did not have special dietary chronos but defendants still provided vegetarian meals to them. "An equal protection claim will not lie by 'conflating all persons not injured into a preferred class receiving better treatment' than the plaintiff." *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (internal citation omitted). Moreover, plaintiff cannot show that the alleged differential treatment by defendants was not "reasonably related to legitimate penological interests." *Shakur v. Schriro*, 514 F.3d 878, 891 (9th Cir. 2008). For these reasons, plaintiff's equal protection claim is dismissed, without leave to amend.

In light of the above, plaintiff may file an amended complaint regarding his Eighth Amendment excessive force claim, if he can make the requisite factual allegations. If plaintiff chooses to file an amended complaint, he shall do so within 45 days after the filing date of this order.

Plaintiff's remaining claims are dismissed, without leave to amend.

IT IS SO ORDERED.

Date: ______________

______________________________
The Honorable Maxine M. Chesney
United States District Judge

40253358.wpd
SF2008400314