IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRAN FURNACE,<br><br>   Plaintiff,<br><br> v.<br><br>PAUL SULLIVAN, Correctional Officer, et al.,<br><br>   Defendants.<br>_____ | No. C 07-4441 MMC (PR)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART MOTION TO DISMISS; SETTING DEADLINE FOR FILING OF AMENDED COMPLAINT AND BRIEFING SCHEDULE FOR DISPOSITIVE MOTIONS; LIFTING STAY OF DISCOVERY**<br><br>**(Docket No. 6)** |

  On August 28, 2007, plaintiff, a California prisoner incarcerated at Salinas Valley State Prison ("SVSP") and proceeding pro se, filed the above-titled civil rights action under 42 U.S.C. § 1983. After reviewing the complaint, the Court found plaintiff had stated cognizable claims for relief against correctional officers at SVSP; the Court directed defendants to file a dispositive motion or, in the alternative, a notice indicating defendants are of the opinion such a motion is not warranted.

  On April 2, 2008, defendants filed a motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, on the ground that plaintiff's claims fail to state a claim upon which relief can be granted. Plaintiff has filed opposition to the motion to dismiss, and defendants have filed a reply.

**BACKGROUND**

  In his complaint, plaintiff makes the following allegations concerning events that occurred at SVSP in May 2005.

  Plaintiff is a practitioner of the African religion of "Shetaut Neter," which mandates a vegetarian diet for all of its practitioners. (Compl. ¶ 12.) On the morning of May 22, 2005, defendants Correctional Officers J. Soto ("Soto") and D. Morales ("Morales") refused to

provide plaintiff with a breakfast tray that met plaintiff's religious dietary requirements, even though other inmates were allowed to receive special religious meals. (Compl. ¶¶ 13-23.)

Specifically, while plaintiff was waiting for his breakfast tray to be delivered, plaintiff heard Morales make a derogatory racial remark about plaintiff's religious diet. Morales then told plaintiff that Soto had told Morales that plaintiff was not a vegetarian and should not receive a special religious food tray. Plaintiff refused to take the alternate food tray Morales was offering, and asked Morales to call Soto; Morales refused. Plaintiff then attempted to call Soto himself, and in doing so placed his hand on the food port for balance. At that point, Morales and defendant Correctional Officer P. Sullivan ("Sullivan") assaulted plaintiff with pepper spray. (Compl. ¶¶ 24-34.) Defendants' actions "caused plaintiff to suffer for several days thereafter or more, and to remain in a constant state of fear of being further assaulted by other correctional staff if he complains about his religious meals." (Compl. ¶ 35.) Plaintiff alleges defendants planned to assault him, because they never asked to see his special religious diet authorization ("chrono"). (Compl. ¶ 39.)

Plaintiff claims defendants' actions: (1) violated his right to the free exercise of his religion under the First Amendment, the Religious Land Use and Institutionalized Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc-1, and Article I, § 4 of the California Constitution; (2) violated his right to be free from the use of excessive force under the Eighth Amendment; (3) violated his right to be treated in the same manner as similarly situated inmates under the Equal Protection Clause of the Fourteenth Amendment, RLUIPA, and Article I, § 7 of the California Constitution; and (4) constituted negligence.

In its order of service, the Court found plaintiff's allegations, when liberally construed, stated cognizable claims for relief, with the exception of plaintiff's negligence claim, which the Court dismissed with prejudice.

## DISCUSSION

A.   Standard of Review

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted if the complaint does not proffer "enough facts to

state a claim for relief that is plausible on its face." Bell Atlantic Corp v Twombly, 127 S. Ct 1955, 1974 (2007). The court "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), but need not accept as true allegations that are legal conclusions, unwarranted deductions of fact or unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988, amended, 275 F.3d 1187 (9th Cir. 2001). Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must construe the complaint in the light most favorable to the plaintiff and accept all factual allegations as true. See Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Federal courts are particularly liberal in construing allegations made in pro se civil rights complaints. See Thompson v. Davis, 295 F.3d 890, 895 (9th Cir. 2002). In ruling on a Rule 12(b)(6) motion, the court may not consider any material outside the complaint but may consider exhibits attached thereto. See Arpin v. Santa Clara Valley Transportation Agency, 261 F.3d 912, 925 (9th Cir. 2001); Fed. R. Civ. P. 10(c) (treating exhibits attached to complaint as part of complaint for purposes of 12(b)(6) motion).

B.   Analysis

    1.   First Amendment Claim

Plaintiff claims defendants violated his right to the free exercise of his religion under the First Amendment when they denied him a religious breakfast tray on the morning of May 22, 2005.

Under the First Amendment, inmates must be accorded reasonable opportunities to exercise their religious freedom. Cruz v. Beto, 405 U.S. 319, 322 & n.2 (1972). In order to establish a free exercise violation, a prisoner must show a defendant substantially burdened the practice of his religion without any justification reasonably related to legitimate penological interests. See Shakur v. Schriro, 514 F.3d 878, 883-84 (9th Cir. 2008). To substantially burden the practice of an individual's religion, the interference must be more

than an isolated incident or short-term occurrence. See Canell v. Lightner, 143 F.3d 1214, 1215 (9th Cir. 1998) (holding correctional officer's "short-term and sporadic" interference with inmate's prayer activities did not constitute substantial burden on free exercise of religion).

Defendants acknowledge that inmates have the right to be provided with food that satisfies the precepts of their religion. They argue, however, that plaintiff has not alleged facts that show any of the defendants knew plaintiff was authorized to receive a special religious diet and that plaintiff has acknowledged in his complaint that he did not show his religious diet chrono to any defendant. Consequently, defendants argue, plaintiff's allegations state at best a de minimis injury, caused by inadvertence or mistake. Further, defendants maintain, even if they knew plaintiff should receive a religious meal yet denied him such, the single isolated incident at issue does not rise to the level of a First Amendment violation.

In response, plaintiff asserts that the loss of a First Amendment right, for even a minimal period of time, constitutes irreparable injury.

While the Free Exercise Clause accords inmates "the right to be provided with food sufficient to sustain them in good health that satisfies the dietary laws of their religion," McElyea v. Babbitt, 833 F.2d 196, 198 (9th Cir. 1987), the alleged failure of prison employees to provide, on one occasion, a meal that satisfies a prisoner's religious dietary requirements is a de minimis injury that does not rise to the level of a constitutional violation. See, e.g., Rapier v. Harris, 172 F.3d 999, 1006 n.4 (7th Cir. 1999) (finding prison official's failure to accommodate Muslim inmate's request for pork-free meal on three isolated occasions does not amount to constitutional violation); Joseph v. Ware, No. 07-1297, 2007 WL 4144923, *2-3 (W.D. La. Oct. 22, 2007) (finding failure to provide Muslim inmate with pork-free lunch on one occasion did not state claim for violation of First Amendment). Here, plaintiff alleges that on one occasion he was denied a meal that satisfied his religious dietary requirements. Even when liberally construed, such allegation fails, as a matter of law, to state a claim for the violation of plaintiff's First Amendment rights. Because granting

4

plaintiff leave to amend would be futile, defendants' motion to dismiss this claim with prejudice will be granted.

2. RLUIPA Claim

Plaintiff claims defendants violated his rights under RLUIPA, which provides in relevant part: "No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . ." 42 U.S.C. § 2000cc-1(a).

RLUIPA defines "religious exercise" to include "any exercise of religion, whether or not compelled by, or central to, a system of religious belief." San Jose Christian College v. Morgan Hill, 360 F.3d 1024, 1034 (9th Cir. 2004). RLUIPA does not, however, define "substantial burden." Id. Construing the term in accordance with its plain meaning, the Ninth Circuit holds that "a 'substantial burden' on 'religious exercise' must impose a significantly great restriction or onus upon such exercise." Id. A burden is substantial under RLUIPA when the state "denies [an important benefit] because of conduct mandated by religious belief, thereby putting substantial pressure on an adherent to modify his behavior and to violate his beliefs." Shakur, 514 F.3d at 888 (quotation and citation omitted); see Greene v. Solano County Jail, 513 F.3d 982, 988 (9th Cir. 2008) (holding jail's outright ban prohibiting plaintiff, a maximum security prisoner, from attending group religious worship services substantially burdened his ability to exercise his religion).

Defendants argue plaintiff's allegations fail to state a claim under RLUIPA because the isolated incident at issue does not present the type of systematic denial of religious activity that constitutes a RLUIPA violation. In response, plaintiff contends he has stated a claim because he alleges he was pepper sprayed after he was denied his meal, which amounts to a substantial burden under RLUIPA.

The Court finds plaintiff's allegations fail to state a claim under RLUIPA. Although plaintiff alleges in his complaint that he was denied his right to religious exercise when defendants failed to provide him with his approved religious breakfast tray, he does not allege facts that show this isolated incident imposed a substantial burden on his religious exercise by causing him to modify his behavior in a way that violated his beliefs. See Alston

5

v. Dep't of Corrections, No. 7:07-cv-00575, 2007 WL 4410770, *4-5 (W.D. Va. Dec. 14, 2007) (finding no claim stated under RLUIPA where plaintiff did not allege facts showing two isolated incidents of his receiving meal not meeting religious dietary requirements prevented him from exercising his religious practices, "such as praying, studying religious materials, fasting, or partaking of a diet in conformity with the dictates of his religion.") Further, plaintiff's argument that he was substantially burdened under RLUIPA when defendants pepper sprayed him after denying him his religious breakfast tray cannot be reconciled with the allegations in his complaint.  Specifically, plaintiff's complaint does not allege he was pepper sprayed for exercising a religious right; rather, he alleges he was pepper sprayed after he asked to speak to a supervisor and stuck his arm through the food port in order to balance himself.  (Compl. ¶ 27.)  Although such allegations are relevant to plaintiff's excessive force claim, they do not suffice to state a claim under RLUIPA.

Accordingly, as plaintiff has not alleged facts that show he suffered a substantial burden on his religious exercise as a result of being denied his religious breakfast tray on one occasion, defendants' motion to dismiss plaintiff's RLUIPA will be granted.  Plaintiff may amend his RLUIPA claim if he can, in good faith, allege facts that cure the noted pleading deficiency.

        3.      <u>Excessive Force Claim</u>

Plaintiff claims defendants used excessive force in violation of the Eighth Amendment when they pepper sprayed him without justification after he asked to speak to a supervisor and stuck his arm through the food port in order to balance himself.

Whenever prison officials stand accused of using excessive force in violation of the Eighth Amendment, the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Hudson v. McMillian, 503 U.S. 1, 6-7 (1992).  In determining whether the use of force was for the purpose of maintaining or restoring discipline, or for the malicious and sadistic purpose of causing harm, a court may evaluate the need for application of force, the relationship between that need and the amount of force used, the extent of any injury

inflicted, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response. Id. at 7. A prisoner need not allege he suffered serious injury in order to establish an Eighth Amendment violation. Id.

Defendants argue plaintiff's allegations fail to state a claim for relief under the Eighth Amendment because he has not alleged defendants acted maliciously and sadistically for the very purpose of causing him harm. Specifically, defendants contend plaintiff's conclusory assertions that defendants "planned to assault him" and acted "sadistically and maliciously" fail to show defendants possessed the requisite state of mind to establish an Eighth Amendment violation. Additionally, defendants argue, plaintiff has failed to adequately allege he suffered any serious injury as a result of defendants' actions.

In opposition, plaintiff asserts defendants' actions were malicious and sadistic because they pepper sprayed him "simply for requesting his pre-approved religious meal." (Opp. at 6.) Defendants respond that plaintiff acknowledges in his complaint, however, that Morales did not know plaintiff was authorized to receive a religious meal. (Compl. ¶ 25.) Further, defendants assert, the allegations in plaintiff's complaint and exhibits attached thereto show he was pepper sprayed when he took control of the food port by sticking his arm through the opening and refusing to comply with defendants' requests to pull his arm back into the cell. (See Compl. ¶¶ 26-27; Ex. 1 (administrative appeals and investigative reports finding defendants properly used pepper spray after plaintiff stuck his arm through food port and did not comply with defendants' orders to relinquish control).

The Court finds plaintiff has alleged facts sufficient to establish, for pleading purposes, that defendants' conduct was malicious and sadistic. Specifically, plaintiff clearly asserts in his complaint that he was pepper sprayed because he asked to speak to a supervisor, that he was using the food port for balance, that he posed no threat to defendants, and that defendants' use of pepper spray was excessive. Even if, as defendants maintain, plaintiff has also alleged facts showing defendants were unaware plaintiff was authorized to receive a religious meal, such allegations do not contradict plaintiff's allegations of excessive force. Additionally, the fact that plaintiff has attached to his complaint documents showing

7

prison officials found defendants' use of force was justified does not mean plaintiff has adopted as true all of the statements in those documents, where it is clear from the allegations in the complaint that he contests such findings.  See Gant v. Wallingford Bd. of Educ., 69 F.3d 669, 674 (2d Cir. 1995) (holding Rule 10(c) of Federal Rules of Civil Procedure, providing that "an exhibit to a pleading is a part of the pleading for all purposes," does not require plaintiff to adopt as true full contents of documents attached to complaint).

Further, plaintiff's allegations that defendants pepper sprayed him in the "face, neck, chest, stomach and groin area with a chemical agent specifically designed to burn flesh," and that this "caus[ed] plaintiff to suffer for several days or more thereafter," (Compl. ¶¶ 32-33), are sufficient to establish, for pleading purposes, the requisite injury for an excessive force claim.

In sum, plaintiff's allegations, when liberally construed, state a claim for the use of excessive force.  Accordingly, defendants' motion to dismiss plaintiff's excessive force claim will be denied.

4.   Equal Protection Claim

Plaintiff claims his right to equal protection was violated by defendants' actions because defendants did not provide him with a religious breakfast tray while providing the same to other inmates who were similarly situated.

The Equal Protection Clause requires that an inmate who is an adherent of a minority religion be afforded a "reasonable opportunity of pursuing his faith comparable to the opportunity afforded fellow prisoners who adhere to conventional religious precepts." Allen v. Toombs, 827 F.2d 563, 568-69 (9th Cir. 1987) (quotation and citation omitted.)  When challenging his treatment as compared with that of other prisoners, a prisoner, in order to present an equal protection claim, must allege his treatment is invidiously dissimilar to that received by other inmates.  More v. Farrier, 984 F.2d 269, 271-72 (8th Cir. 1993).

Defendants argue plaintiff's claim must fail because he has not alleged facts showing he was treated differently from similarly situated inmates, specifically, inmates who defendants knew did not have special dietary chronos.  Defendants argument is based on

their assertion that the allegations in plaintiff's complaint show defendants did not know plaintiff was required to receive a religious diet. When plaintiff's allegations are liberally construed, however, the inference to be drawn is that defendants *did* know that plaintiff was required to receive a religious diet, yet, because of plaintiff's race and religious beliefs, they treated him differently from other inmates who they also knew were entitled to receive religious diets. Specifically, plaintiff alleges: (1) he practices an African religion that requires him to eat a vegetarian diet, (Compl. ¶ 12), (2) Morales made a derogatory racial remark about plaintiff's "religious dietary tray," (Compl. ¶ 24), (3) Morales stated Soto had told him plaintiff was not a vegetarian and should not receive a religious dietary tray, (Compl. ¶ 25), and (4) Soto "consciously and intentionally refused plaintiff his right to practice the dietary laws of his religion." (Compl. ¶ 16.)

As plaintiff's allegations, when liberally construed, state a claim for the violation of his right to equal protection, defendants' motion to dismiss plaintiff's equal protection claim will be denied.

5. <u>State Law Claims</u>

Plaintiff alleges defendants' actions violated his rights under Article 1, §§ 4 and 7 of the California Constitution. Section 4, the Free Exercise Clause, provides in relevant part: "Free exercise and enjoyment of religion without discrimination or preference are guaranteed." Section 7, the Equal Protection Clause, provides in relevant part: "A person may not be deprived of life, liberty, or property without due process of law or denied equal protection of the laws."

Defendants contend plaintiff may not proceed with his claims because he has not exhausted his administrative remedies in accordance with the California Tort Claims Act. Plaintiff raises no opposition to defendants' argument; rather, he states he "relies on the allegations in the complaint." (Opp. at 5.) In order to proceed with his claims for damages against California public employees, plaintiff must allege he has complied with the California Tort Claims Act. See <u>Hendon v. Baryoya</u>, No. 05-CV-00838, 2006 WL 1791349, *1 (E.D. Cal. June 27, 2006). As plaintiff does not allege in his complaint that he has done so,

9

defendants' motion to dismiss plaintiff's state law claims will be granted. See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). If plaintiff has complied with the California Tort Claims Act, he may amend his complaint to so allege.

C. Stay of Discovery

On June 12, 2008, the Court, pursuant to the parties' stipulation, ordered a stay of discovery in this matter until the Court has ruled on the instant motion to dismiss. As the Court has now ruled on the motion to dismiss, the stay of discovery will be lifted and discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

**CONCLUSION**

For the reasons stated above, the Court orders as follows:

1. Defendants' motion to dismiss (Docket No. 6) is hereby GRANTED in part and DENIED in part as follows:

 a. To the extent plaintiff asserts claims for excessive force and equal protection, the motion is DENIED;

 b. To the extent plaintiff asserts a Free Exercise Claim, the motion is GRANTED and said claim is hereby DISMISSED with prejudice and without further leave to amend;

 c. To the extent plaintiff asserts RLUIPA and state law claims, the motion is GRANTED and said claims are hereby DISMISSED with leave to amend.

2. Within **thirty (30)** days of the date this Order is filed, plaintiff may file an AMENDED COMPLAINT, **using the court's form civil rights complaint**, a copy of which is provided herewith, in order to cure the deficiencies noted above. Plaintiff shall complete the form, and include in the caption both the case number of this action, No. C 07-4441 MMC (PR), and the phrase "AMENDED COMPLAINT."

An amended complaint supersedes the initial complaint and may not incorporate by reference any parts of the original complaint. London v. Coopers & Lybrand, 644 F.2d 811,

1   814 (9th Cir. 1981).  Defendants not named in an amended complaint are no longer
2   defendants.  See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir.1992).  The above-
3   described rules govern actions filed by pro se litigants as well as litigants represented by
4   counsel.  See King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987).  Accordingly, if plaintiff
5   wishes to amend his complaint to cure the pleading deficiencies noted above, he must file an
6   amended complaint that includes any claims from the complaint he wishes to preserve.
7   Plaintiff should not include in his amended complaint the claims the Court has dismissed
8   from this action with prejudice.

**If plaintiff fails to timely file an amended complaint in conformity with this order, plaintiff's RLUIPA and state law claims will be dismissed with prejudice, and this action will proceed only with respect to plaintiff's excessive force and equal protection claims.**

3.  No later than **ninety (90)** days after the deadline for plaintiff to file his amended complaint has passed, defendants shall either file a motion for summary judgment or other dispositive motion with respect to all of the claims in the amended complaint; alternatively, if plaintiff does not file an amended complaint, defendants shall file a motion for summary judgment or other dispositive motion with respect to the excessive force and equal protection claims found to be cognizable above.

a.  If defendants elect to file a motion to dismiss on the grounds plaintiff failed to exhaust his available administrative remedies as required by 42 U.S.C. § 1997e(a), defendants shall do so in an unenumerated Rule 12(b) motion pursuant to Wyatt v. Terhune, 315 F.3d 1108, 1119-20 (9th Cir. 2003), cert. denied Alameida v. Terhune, 540 U.S. 810 (2003).

b.  Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure.  **Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute.  If any defendant is of the opinion that this case cannot be resolved by summary judgment, he shall so inform the**

11

1 **Court prior to the date the summary judgment motion is due.**

2     4. Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **thirty (30)** days from the date defendants' motion is filed.

        a. In the event defendants file an unenumerated motion to dismiss under Rule 12(b), plaintiff is hereby cautioned as follows:[1]

> The defendants have made a motion to dismiss pursuant to Rule 12(b) of the Federal Rules of Civil Procedure, on the ground you have not exhausted your administrative remedies.  The motion will, if granted, result in the dismissal of your case.  When a party you are suing makes a motion to dismiss for failure to exhaust, and that motion is properly supported by declarations (or other sworn testimony) and/or documents, you may not simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or documents, that contradict the facts shown in the defendant's declarations and documents and show that you have in fact exhausted your claims.  If you do not submit your own evidence in opposition, the motion to dismiss, if appropriate, may be granted and the case dismissed.

        b. In the event defendants file a motion for summary judgment, the Ninth Circuit has held that the following notice should be given to plaintiffs:

> The defendants have made a motion for summary judgment by which they seek to have your case dismissed.  A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case.
> Rule 56 tells you what you must do in order to oppose a motion for summary judgment.  Generally, summary judgment must be granted when there is no genuine issue of material fact--that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case.  When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says.  Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial.  If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you.  If summary judgment is granted in favor of defendants, your case will be dismissed and there will be no trial.

See Rand v. Rowland, 154 F.3d at 963.  Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and Celotex Corp. v. Catrett, 477 U.S. 317 (1986) (holding party

---

[1] The following notice is adapted from the summary judgment notice to be given to pro se prisoners as set forth in Rand v. Rowland, 154 F.3d 952, 963 (9th Cir. 1998) (en banc).  See Wyatt v. Terhune, 315 F.3d at 1120 n.14.

opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).  Plaintiff is cautioned that failure to file an opposition to defendants' motion for summary judgment may be deemed to be a consent by plaintiff to the granting of the motion, and granting of judgment against plaintiff without a trial.  See Ghazali v. Moran, 46 F.3d 52, 53-54 (9th Cir. 1995) (per curiam); Brydges v. Lewis, 18 F.3d 651, 653 (9th Cir. 1994).

     5. Defendants shall file a reply brief no later than **fifteen (15)** days after plaintiff's opposition is filed.

     6. The motion shall be deemed submitted as of the date the reply brief is due.  No hearing will be held on the motion unless the Court so orders at a later date.

     7. All communications by the plaintiff with the Court must be served on defendants, or defendants' counsel once counsel has been designated, by mailing a true copy of the document to defendants or defendants' counsel.

     8. The stay of discovery previously entered by the Court is hereby LIFTED.  Discovery may be taken in accordance with the Federal Rules of Civil Procedure.  No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16-1 is required before the parties may conduct discovery.

     9. It is plaintiff's responsibility to prosecute this case.  Plaintiff must keep the Court informed of any change of address and must comply with the court's orders in a timely fashion.  Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

     10. Any motion for an extension of time must be filed no later than the deadline sought to be extended and must be accompanied by a showing of good cause.

     IT IS SO ORDERED.

DATED: November 10, 2008

                              MAXINE M. CHESNEY
                              United States District Judge