IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDWARD TERRAN FURNACE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>PAUL SULLIVAN, Correctional Officer, et al.,<br><br>　　　　Defendants.<br>_____ | No. C 07-4441 MMC (PR)<br><br>**ORDER REOPENING AND REFERRING CASE FOR SETTLEMENT PROCEEDINGS; DIRECTIONS TO CLERK** |

  On August 28, 2007, plaintiff, a California prisoner currently incarcerated at Corcoran State Prison and proceeding pro se filed the above-titled civil rights action under 42 U.S.C. § 1983, alleging the violation of his constitutional rights by prison officials at Salinas Valley State Prison ("SVSP"). Specifically, plaintiff alleged such prison officials violated his Eighth Amendment rights by spraying him with an excessive quantity of pepper spray. Plaintiff also alleged that his Fourteenth Amendment Equal Protection rights were violated when prison officials denied him a vegetarian meal.

  In its Order Granting Defendants' Motion for Summary Judgment, filed March 31, 2010, the Court determined defendants were entitled to qualified immunity on plaintiff's Eighth Amendment claim, finding they could reasonably have perceived plaintiff posed a threat. The Court also granted summary judgment to defendants on plaintiff's Equal

Protection claim due to plaintiff's failure to show he was treated differently from other inmates in the relevant class. Plaintiff appealed.

On appeal, the Ninth Circuit, in an opinion filed January 17, 2013, affirmed the Court's ruling on the Equal Protection claim but reversed and remanded as to the Eighth Amendment claim. See Furnace v. Sullivan, No. 10-15961, slip op. (9th Cir. Jan. 17, 2013). Specifically, the Ninth Circuit found triable issues of material fact existed as to whether plaintiff posed a threat to defendants and whether defendants' discharge of pepper spray was required to gain his compliance, thereby precluding summary judgment for defendants on the basis of qualified immunity. See id. The mandate issued February 14, 2013. (Docket No. 49.)

The Northern District has established a Pro Se Prisoner Mediation Program under which prisoner civil rights cases may be referred to a neutral Magistrate Judge for settlement proceedings. The Court finds the instant matter suitable for such referral.

Accordingly, the Clerk is hereby directed to REOPEN the instant action, and the case is hereby REFERRED to Magistrate Judge Nandor Vadas for settlement proceedings.

The proceedings shall take place within 120 days of the date this order is filed, or as soon thereafter as Magistrate Judge Vadas' calendar will permit. Magistrate Judge Vadas shall coordinate a place, time and date for one or more settlement conferences with all interested parties and/or their representatives and, within fifteen days of the conclusion of all settlement proceedings, shall file with the Court a report thereon.

The Clerk is directed to serve Magistrate Judge Vadas with a copy of this order and to notify Magistrate Judge Vadas that a copy of the court file can be retrieved from the court's electronic filing database (ECF).

IT IS SO ORDERED.

DATED: February 20, 2013

MAXINE M. CHESNEY
United States District Judge

2